## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA MORO, STEVE CLARKE, and RUTH MAKI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual,<br><br>*Defendants.* | Case No. 1:16-cv-02106<br><br>Honorable Charles R. Norgle, Sr. |

### PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE

Plaintiffs Jeffrey Molitor, Laura C. De la Cabada, Steve Clarke, and Ruth Maki ("Plaintiffs"), pursuant to Fed. R Civ. P. 6(b), hereby respectfully move the Court to enter an Order continuing the current discovery deadline by one hundred twenty (120) days. In support of the instant motion, Plaintiffs state as follows:

1.     On July 12, 2016, the Court entered a fact discovery deadline of December 30, 2016. (*See* dkt. 16.)

2.     On August 17, 2016, Plaintiffs propounded interrogatories and requests for the production of documents on Defendants Manasseh Jordan Ministries, Inc. and Yakim Manasseh Jordan ("Defendants"). After requesting an extension, Defendants provided written responses and objections to Plaintiffs' requests on October 3, 2016.  Defendants sent verifications in support of the answers to the interrogatories on October 5, 2016.

3.     Defendants, however, did not produce a single document until November 2, 2016, and then only produced a total of 76 pages. These documents include:

- agreements with a third-party telemarketing vendor (totaling 39 pages);
- a printout of a do-not-call policy from its website (totaling 2 pages);
- a paper documenting Defendant Manasseh Jordan Ministries, Inc.'s tax-exempt status (totaling 1 page);
- a certificate of incorporation for a religious organization (totaling 5 pages);
- logs of calls made to and from Plaintiffs (totaling 22 pages);
- entries in a database relating to Plaintiffs (totaling 2 pages);
- online prayer request forms (totaling 2 pages); and
- a single communication thread with Defendants' telemarketing vendor (totaling 3 pages).

4.     On November 15, 2016, Plaintiffs sent Defendants a letter documenting all deficiencies with their discovery responses and objections. Setting aside their boilerplate and general objections, Plaintiffs expressed concern regarding Defendants refusals to produce, *inter alia*, any (i) documents related to call recipients other than Plaintiffs, (ii) documents identifying any do-not-call lists, (iii) documents identifying its policies and procedures for, or records of, consent to place the calls at issue, (iv) documents identifying its policies and procedures for, or records of, how it obtained the telephone numbers to whom the calls were placed, (v) documents identifying its policies and procedures for, or records of, individuals requesting to no longer receive calls (not including that single website printout), (vi) any scripts used to record messages for calls placed to the class members featuring artificial or prerecorded voices, (vii) recordings of prerecorded messages placed to the class members, (viii) documents identifying and relating to the telephone numbers from which the calls at issue were placed, and (ix) information related to Defendants' financial condition.[1]

5.     The Parties participated in an extensive telephonic meet and confer the following week, during which Plaintiffs explained the relevance of their requests, Defendants provided the bases for some of their objections, and the Parties were ultimately able to make some progress as to their discovery disputes. At that time, Plaintiffs also requested that Defendants consider jointly

---

[1]     The Parties' correspondence on these issues are attached as Exhibits 1-3.

requesting an extension of the fact discovery cutoff to allow the Parties time to complete the meet and confer process, and Defendants' agreed to respond to issues raised during the meet and confer.

6.      On November 29, 2016, Defendants sent Plaintiffs a letter memorializing the few additional documents that they would produce (including a sampling of the recordings used to place the calls at issue and any internal or external do-not-call lists they had) and the numerous documents and answers they would not. (*See* Exhibit 2.) Defendants also specified that they believed they could produce those documents by December 16, 2016—i.e., two weeks before the deadline to complete all fact discovery—and that they would oppose any request for an extension of the discovery deadline. (*Id.*)

7.      On December 2, 2016, the Parties engaged in another meet and confer during which they made some additional progress. In particular, the Parties agreed that a sampling of the audio recordings would likely be acceptable and defense counsel agreed to communicate with her clients about further document production. Defense counsel also agreed to ask Defendants whether they would seek information and documents from their third-party telemarketing vendor (i.e., documents that are technically in Defendants' control and should have already been produced), but stated that she expected her clients would require Plaintiffs to engage in extensive third-party discovery instead.[2]

8.      With that progress, however, came continued disputes, as Defendants refused to produce documents related to, *inter alia*, the putative class, how the class members' telephone numbers and consent to be called (if any) were obtained, and which telephone numbers placed the calls. Plaintiffs' counsel nevertheless expressed a desire to resolve these issues without

---

[2]      To the extent Defendants do not ultimately provide sufficient documents from the telemarketing vendor, Plaintiffs will promptly serve third-party discovery.

Court-intervention. They also explained that any depositions would likely fall during the holidays, when counsel plans on being out of the office, if Defendants could not complete their production until December 16, 2016.  Defense counsel stated that they would respond to Plaintiffs' request for an extension by close of business on December 5, 2016.

9.      On December 5, 2016, defense counsel emailed Plaintiffs' counsel and stated that they would not be able to respond to Plaintiffs' request for an extension until close of business on December 6, 2016.

10.     Defense counsel failed to respond to Plaintiffs on December 6, 2016.

11.     On December 7, 2016, Plaintiffs requested an update from defense counsel and informed them that they would be filing a motion for an extension absent a response. Defendants responded with another letter, through which they agreed to produce additional documents but failed to provide a date when their supplemental production would be complete (or if it would even be completed by the December 30, 2016 discovery deadline). They also stated that they would only agree to an extension of *oral discovery* until January 31, 2017, with no modification to the current written fact discovery deadline of December 30, 2016.

12.     That leaves the case in an unfortunate position: Plaintiffs are still ready and willing to attempt to resolve (or at least, narrow) the outstanding discovery disputes without having to seek Court intervention, but time is now short and Defendants refuse to agree to an extension that will realistically allow the Parties to attempt to work out their differences.

13.     Accordingly, Plaintiff requests that the Court grant a one hundred twenty (120) day extension of the Parties' discovery deadline, which will allow them to (i) review what documents Defendants produce, (ii) attempt to resolve or narrow any remaining discovery disputes, (iii) file discovery motions (if necessary), (iv) await rulings on any such motions, (v)

obtain any additional document production as a result of such rulings, (vi) proceed with any third-party discovery necessitated by Defendants' refusals to produce, and then (vii) prepare for and take multiple depositions with complete document production in hand.

14.     While Plaintiffs have, as outlined above, endeavored to move expeditiously through discovery and these related issues, it simply does not appear that there will be enough time under the current schedule to do so—even with Defendants' agreement to extend oral discovery through January 31, 2017. And rather than place every area of dispute—that might otherwise be resolved—before the Court now, Plaintiffs believe the most appropriate way forward would be to allow the requested extension, allow the Parties to continue to work through their differences, and narrow (or completely eliminate) any issues that may ultimately have to be resolved by the Court.

15.     This is the first request for an extension of the fact discovery deadline.

16.     Based on the foregoing, good cause exists to grant the instant motion and the relief requested herein is not sought for any improper purpose.

**WHEREFORE**, Plaintiffs Jeffrey Molitor, Laura C. De la Cabada, Steve Clarke, and Ruth Maki respectfully request that the Court enter an order granting the instant motion, (ii) extending the current fact discovery deadline to April 28, 2017, and (iii) awarding such other and further relief as the Court deems reasonable and just.

*                    *                    *

Respectfully submitted,

**JEFFREY MOLITOR, LAURA C. DE LA CABADA MORO, STEVE CLARKE, AND RUTH MAKI**, individually and on behalf of all others similarly situated,

Dated: December 7, 2016

By:  /s/ Courtney C. Booth
     One of Plaintiffs' Attorneys

Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
Sydney M. Janzen
sjanzen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Joseph I. Marchese (Admitted *Pro Hac Vice*)
jmarchese@bursor.com
Philip L. Fraietta (Admitted *Pro Hac Vice*)
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

*Counsel for Plaintiffs and the Proposed Class*

<u>**CERTIFICATE OF SERVICE**</u>

I, Courtney C. Booth, an attorney, hereby certify that on December 7, 2016, I served the above and foregoing ***Motion to Extend Discovery Deadline***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this December 7, 2016.


/s/ Courtney C. Booth