# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual,<br><br>                Defendants. | Case No. 1:16-cv-2106<br><br>Hon. Charles R. Norgle, Sr. |

**DEFENDANT YAKIM MANASSEH JORDAN'S RESPONSE TO PLAINTIFF MOLITOR'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Yakim Manasseh Jordan ("Mr. Jordan" or "Defendant") hereby responds and objects to the First Set of Interrogatories (the "Interrogatories") propounded by Plaintiff Jeffrey Molitor ("Molitor" or "Plaintiff") as set forth below.

**GENERAL STATEMENT AND OBJECTIONS**

1. Discovery in this matter has not been completed. Therefore, all of the responses provided herein are made without prejudice to Mr. Jordan's right to introduce information discovered or deemed responsive after the date of these responses, if any.

2. Mr. Jordan objects to each Interrogatory to the extent that it purports to require the disclosure of information, including electronically stored information, beyond the scope of permissible discovery under the Federal Rules of Civil Procedure or this Court's Local Civil Rules.

3. Mr. Jordan objects to each instruction, definition and Interrogatory to the extent that it seeks to impose obligations or responsibilities other than, or in addition to, the obligations and responsibilities imposed by the Federal Rules of Civil Procedure or this Court's Local Civil Rules. Mr. Jordan's response to any Interrogatory does not constitute acceptance or agreement with the instructions and definitions provided by Plaintiff.

4. Mr. Jordan objects to each Interrogatory to the extent it seeks information that is protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or is otherwise immune or protected from disclosure. Mr. Jordan does not waive any protections or privileges by the production of such information.

5. These responses are made solely for the purpose of this action. Each response is made subject to and without waiving objections as to competence, relevance, materiality, admissibility, and any and all other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

6. Mr. Jordan objects to each Interrogatory to the extent that it calls for information that consists of proprietary business information or other confidential information. To the extent such information exists it will only be provided subject to and without waiver of a protective order.

7. Mr. Jordan objects to Plaintiff's instruction that purports to require Mr. Jordan to provide a detailed privilege log whenever Mr. Jordan asserts a claim of privilege. This instruction purports to impose requirements beyond those imposed by the Federal Rules of Civil Procedure, which only require a responding party to expressly make any privilege claim and describe the nature of the information being withheld "in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Persons who provided and/or assisted in providing the responses to these Interrogatories and to Plaintiff Molitor's First Set of Requests for the Production of Documents and Things to You, and for each Person, state the Person's position or title, their job duties or responsibilities, the length of time of each such Person's employment, and Identify the responses that each Person provided or assisted in providing.

**RESPONSE TO INTERROGATORY NO. 1:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. Information about each person's job duties and length of employment, and specifying each response to which each person contributed, is not relevant and is an unnecessary waste of time.

Subject to and without waiving the foregoing objections, MJM responds as follows:

Daniel S. Silverman and Melissa C. McLaughlin, counsel for Defendants, of Venable LLP; 2049 Century Park East, Suite 2300, Los Angeles, CA 90067; (310) 229-9900. Frank Juliano, COO of MJM, who may be contacted through counsel for Defendants.

**INTERROGATORY NO. 2:**

Identify all Representatives who made and/or make Phone Calls featuring Your voice in a prerecorded message.

**RESPONSE TO INTERROGATORY NO. 2:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

MJM provides content for phone calls that includes Mr. Jordan's voice to Ytel, Inc., which places the calls to people who have consented to be contacted by MJM. However, neither MJM nor Ytel, Inc. is a "Representative" of Mr. Jordan as defined by Plaintiff in these Interrogatories.

**INTERROGATORY NO. 3:**

Identify all Representatives who made and/or make Phone Calls on Your behalf.

**RESPONSE TO INTERROGATORY NO. 3:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff

has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

None.

**INTERROGATORY NO. 4:**

Identify and Describe all directions, instructions, scripts, training materials, references, requests, and information You made, or provided to any Representative, Relating To the Phone Calls, Including information about to whom the Phone Calls were to be placed, the manner in which the Phone Calls were to be placed, and the substance and content of the Phone Calls.

**RESPONSE TO INTERROGATORY NO. 4:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

None.

**INTERROGATORY NO. 5:**

Identify and Describe any call script(s) and message(s) using a prerecorded or artificial voice that You or any Representative utilize(d) and/or play(ed) during the Phone Calls.

**RESPONSE TO INTERROGATORY NO. 5:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan is the spiritual leader of MJM and is not involved in MJM's day to day operations relating to telephone calls. Mr. Jordan does not have the information sought by this Interrogatory.

**INTERROGATORY NO. 6:**

Describe "[Your] capacity working for the Ministry." (Answer ¶ 30.)

**RESPONSE TO INTERROGATORY NO. 6:**

Mr. Jordan incorporates by reference each of his general objections.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan is the spiritual leader of MJM and is not involved in MJM's day to day operations relating to telephone calls. As MJM's spiritual leader, Mr. Jordan's work involves ministering to people, visiting people, preaching sermons, and praying.

**INTERROGATORY NO. 7:**

Describe Your role Relating To the Phone Calls.

**RESPONSE TO INTERROGATORY NO. 7:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan is the spiritual leader of MJM and is not involved in MJM's day to day operations relating to telephone calls.

**INTERROGATORY NO. 8:**

Identify and Describe in detail the Telephone Dialing Equipment used to place Phone Calls to Plaintiff and the Call Recipients, Including the brand(s), model(s), serial number(s), service tag(s), and associated operating system(s) and application software version(s), and the usage dates of each.

**RESPONSE TO INTERROGATORY NO. 8:**

Mr. Jordan incorporates by reference each of his general objections.  Mr. Jordan objects to Plaintiff's definitions of "Phone Calls" and "Call Recipients" on the grounds that they are overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.  Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan does not have the information sought by this Interrogatory.

**INTERROGATORY NO. 9:**

Describe all of Your current and past procedures for obtaining, Identifying, processing, recording, maintaining, and verifying Prior Express Written Consent from Persons to receive Phone Calls.

**RESPONSE TO INTERROGATORY NO. 9:**

Mr. Jordan incorporates by reference each of his general objections.  Mr. Jordan objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case.  Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any

products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan is the spiritual leader of MJM and is not involved in MJM's day to day operations relating to telephone calls. Mr. Jordan does not have the information sought by this Interrogatory.

**INTERROGATORY NO. 10:**

Identify all facts and information demonstrating that You or any Representative had Prior Express Written Consent to make the Phone Calls.

**RESPONSE TO INTERROGATORY NO. 10:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan is the spiritual leader of MJM and is not involved in MJM's day to day operations relating to telephone calls. Mr. Jordan does not have the information sought by this Interrogatory.

**INTERROGATORY NO. 11:**

Identify all facts and information supporting Your contention that You called Persons "who have expressed interest in receiving information from the Ministry," Including how those Persons "expressed interest" and whether those calls featured an artificial voice or prerecorded message. (Answer ¶ 30.).

**RESPONSE TO INTERROGATORY NO. 11:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. This Interrogatory is not even limited to the phone calls or the type of phone calls allegedly received by Plaintiffs and could encompass any phone call Mr. Jordan has made to any of the Ministry's congregants.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan did not place the phone calls allegedly received by Plaintiffs and is not involved in MJM's day to day operations relating to telephone calls. MJM uses a vendor to place such calls on its behalf. Mr. Jordan does not have the information sought by this Interrogatory.

**INTERROGATORY NO. 12:**

Identify all Persons You called "who have expressed interest in receiving information from the Ministry," Including their names, telephone numbers, and/or any other identifying

information You and/or Your Representatives have in your possession, custody, and/or control. (Answer ¶ 30.)

**RESPONSE TO INTERROGATORY NO. 12:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. This Interrogatory is not even limited to the phone calls or the type of phone calls allegedly received by Plaintiffs and could encompass any phone call Mr. Jordan has made to any of the Ministry's congregants. Mr. Jordan objects that this Interrogatory seeks information that is confidential or protected by third parties' rights to privacy.

Dated: October 3, 2016

**VENABLE LLP**

By: /s/ Daniel S. Silverman
Daniel S. Silverman (appearing *pro hac vice*)
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
dsilverman@venable.com
Tel: (310) 229-9900
Fax: (310) 229-9901

**ROESER BUCHEIT & GRAHAM LLC**

By: /s/ Darrell J. Graham
Darrell J. Graham
John E. Bucheit
Roeser Bucheit & Graham LLC
2 N. Riverside Plaza, Ste. 1420
Chicago, IL 60606
Tel: (312) 621-0301
*Attorneys for Defendants*
MANASSEH JORDAN MINISTRIES,
INC. and YAKIM MANASSEH JORDAN

## **CERTIFICATE OF SERVICE**

      I, Daniel S. Silverman, hereby certify that on this 3rd day of October 2016, a copy of the foregoing **DEFENDANT YAKIM MANASSEH JORDAN'S RESPONSES TO PLAINTIFF MOLITOR'S FIRST SET OF INTERROGATORIES** was served via electronic mail to the address(es) listed below:

EDELSON PC
Rafey S. Balabanian
123 Townsend Street, Suite 100
San Francisco, California 94107
rbalabanian@edelson.com
Tel: (415) 212-9300
Fax: (415) 373-9435

Benjamin H. Richman
Eve-Lynn Rapp
Courtney C. Booth
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
brichman@edelson.com
erapp@edelson.com
cbooth@edelson.com
Tel: (312) 589-6370
Fax: (312) 589-6378
Firm ID: 44146

BURSOR & FISHER, P.A.
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, New York 10019
jmarchese@bursor.com
pfraietta@bursor.com
Tel: (646) 837-7150
Fax: (212) 989-9163

*Counsel for Plaintiffs*
JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated

                                              /s/ Daniel S. Silverman
                                              *Attorney for Defendants*
                                              MANASSEH JORDAN MINISTRIES,
                                              INC. and YAKIM MANASSEH JORDAN