# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual,<br><br>               Defendants. | Case No. 1:16-cv-2106<br><br>Hon. Charles R. Norgle, Sr. |

**DEFENDANT MANASSEH JORDAN MINISTRIES, INC.'S RESPONSE TO PLAINTIFF DE LA CABADA'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Manasseh Jordan Ministries, Inc. ("MJM" or "Defendant") hereby responds and objects to the First Set of Interrogatories (the "Interrogatories") propounded by Plaintiff Laura C. De La Cabada or ("De La Cabada" or "Plaintiff") as set forth below.

**GENERAL STATEMENT AND OBJECTIONS**

1. Discovery in this matter has not been completed. Therefore, all of the responses provided herein are made without prejudice to MJM's right to introduce information discovered or deemed responsive after the date of these responses, if any.

2. MJM objects to Plaintiff's definition of "You," "Your," "Defendant" or "MJM" in the definitions section of the Interrogatories on the grounds that it is overbroad. Plaintiff's impossibly expansive definition of "Defendant" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. Therefore, without waiving any objections, MJM will respond

1

to the Interrogatories on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure.

      3.      MJM objects to each Interrogatory to the extent that it purports to require the disclosure of information, including electronically stored information, beyond the scope of permissible discovery under the Federal Rules of Civil Procedure or this Court's Local Civil Rules.

      4.      MJM objects to each instruction, definition and Interrogatory to the extent that it seeks to impose obligations or responsibilities other than, or in addition to, the obligations and responsibilities imposed by the Federal Rules of Civil Procedure or this Court's Local Civil Rules. MJM's response to any Interrogatory does not constitute acceptance or agreement with the instructions and definitions provided by Plaintiff.

      5.      MJM objects to each Interrogatory to the extent it seeks information that is protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or is otherwise immune or protected from disclosure. MJM does not waive any protections or privileges by the production of such information.

      6.      These responses are made solely for the purpose of this action. Each response is made subject to and without waiving objections as to competence, relevance, materiality, admissibility, and any and all other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

      7.      MJM objects to each Interrogatory to the extent that it calls for information that consists of proprietary business information or other confidential information. To the extent

such information exists it will only be provided subject to and without waiver of a protective order.

8. MJM objects to Plaintiff's instruction that purports to require MJM to provide a detailed privilege log whenever MJM asserts a claim of privilege. This instruction purports to impose requirements beyond those imposed by the Federal Rules of Civil Procedure, which only require a responding party to expressly make any privilege claim and describe the nature of the information being withheld "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Persons who provided and/or assisted in providing the responses to these Interrogatories, and for each Person, state the Person's position or title, their job duties or responsibilities, the length of time of each such Person's employment, and Identify the responses that each Person provided or assisted in providing.

### RESPONSE TO INTERROGATORY NO. 1:

MJM incorporates by reference each of its general objections. MJM objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. Information about each person's job duties and length of employment, and specifying each response to which each person contributed, is not relevant and is an unnecessary waste of time.

Subject to and without waiving the foregoing objections, MJM responds as follows:

3

Daniel S. Silverman and Melissa C. McLaughlin, counsel for Defendants, of Venable LLP; 2049 Century Park East, Suite 2300, Los Angeles, CA 90067; (310) 229-9900. Frank Juliano, COO of MJM, who may be contacted through counsel for Defendants.

**INTERROGATORY NO. 2:**

Identify the total number of unique Call Recipients.

**RESPONSE TO INTERROGATORY NO. 2:**

MJM incorporates by reference each of its general objections. MJM objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. For example, this Interrogatory is not limited to any time period relevant to this action.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM is informed and believes that the vendor it uses for outgoing calls does not have accessible call records for the entire time period relevant to this action. Therefore, MJM does not have the information to identify the total number of unique call recipients during the relevant time period.

**INTERROGATORY NO. 3:**

Identify all Call Recipients by name, telephone number, and/or any other identifying information You and/or Your Representatives have in your possession, custody, and/or control Relating To the Call Recipients.

**RESPONSE TO INTERROGATORY NO. 3:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" and "Your" on the grounds that they are overbroad. Plaintiff's definition of "You" and "Your" improperly attempts to expand the scope of the Federal Rules of Civil

4

Procedure. MJM will respond to the Interrogatory on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "Call Recipients" on the grounds that it is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects that this Interrogatory seeks information that is confidential or protected by third parties' rights to privacy.

**INTERROGATORY NO. 4:**

Identify and Describe how You, or any Representative, processed and honored Removal Requests.

**RESPONSE TO INTERROGATORY NO. 4:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Interrogatory on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects that this Interrogatory is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

Subject to and without waiving the foregoing objections, MJM responds as follows:

In each outgoing phone call and on its website, MJM provides instructions on how a call recipient can make a removal request if he or she no longer wants to receive phone calls. Also, a call recipient who answers a call can press "3" to request removal, and if a call recipient does not answer a call, the voicemail message that is left provides a phone number that the person can call to request removal. Removal requests are processed promptly and phone numbers that are removed are placed on MJM's do not call list.

**INTERROGATORY NO. 5:**

Describe how Representatives were instructed and trained to process Removal Requests.

**RESPONSE TO INTERROGATORY NO. 5:**

MJM incorporates by reference each of its general objections. MJM objects that this Interrogatory is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

Subject to and without waiving the foregoing objections, MJM responds as follows:

In each outgoing phone call and on its website, MJM provides instructions on how a call recipient can make a removal request if he or she no longer wants to receive phone calls. Also, a call recipient who answers a call can press "3" to request removal, and if a call recipient does not answer a call, the voicemail message that is left provides a phone number that the person can call to request removal. MJM's vendors for incoming and outgoing calls were instructed to promptly process removal requests.

**INTERROGATORY NO. 6:**

Describe all of Your current and past procedures for ensuring that You and Your Representatives do not call individuals who have requested to no longer receive the Phone Calls.

**RESPONSE TO INTERROGATORY NO. 6:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definitions of "Your" and "Your" on the grounds that they are overbroad. Plaintiff's definitions of "You" and "Your" improperly attempt to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Interrogatory on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM has no interest in calling individuals who do not wish to receive phone calls. In each outgoing phone call and on its website, MJM provides instructions on how a call recipient can make a removal request if he or she no longer wants to receive phone calls. Also, a call recipient who answers a call can press "3" to request removal, and if a call recipient does not answer a call, the voicemail message that is left provides a phone number that the person can call to request removal. Removal requests are processed promptly and phone numbers that are removed are placed on MJM's do not call list.

**INTERROGATORY NO. 7:**

7

Identify the amount of money donated and purchase(s) made, if any, by Plaintiff and the Call Recipients as a result of receiving the Phone Call(s). For each donation and purchase, Identify the Plaintiff or Call Recipient and the date it was made.

**RESPONSE TO INTERROGATORY NO. 7:**

MJM incorporates by reference each of its general objections. MJM objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "Call Recipients" on the grounds that it is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects that this Interrogatory seeks information that is confidential or protected by third parties' rights to privacy.

**INTERROGATORY NO. 8:**

Identify all claims and/or causes of action asserted against You for alleged violations of the TCPA, Including all judgments entered in those matters, the amounts of such judgments, and the terms of any non-confidential settlement agreements entered into by the parties in any and all related matters.

**RESPONSE TO INTERROGATORY NO. 8:**

MJM incorporates by reference each of its general objections. MJM objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects that this Interrogatory seeks information that is protected by MJM's or third parties' rights to privacy.

**INTERROGATORY NO. 9:**

Identify all transfers of assets by, to, and from You, Your officers, and Your principals, Including the amount of money or property at issue, the transferor and transferee, and the date of the transfer.

**RESPONSE TO INTERROGATORY NO. 9:**

MJM incorporates by reference each of its general objections. MJM objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects that this Interrogatory seeks information that is confidential and protected by MJM's or third parties' rights to privacy. MJM objects to Plaintiff's definitions of "You" and "Your" on the grounds that they are overbroad. Plaintiff's definitions of "You" and "Your" improperly attempt to expand the scope of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:**

Identify all real and personal property owned or leased by You that is used or leased, may be used or leased, or has been used or leased by Defendant Yakim Manasseh Jordan, all Jordan family members, Your employees and Representatives, and/or all other members of the Prophetic Order of Mar Elijah.

**RESPONSE TO INTERROGATORY NO. 10:**

MJM incorporates by reference each of its general objections. MJM objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects that this Interrogatory seeks information that is confidential and protected by MJM's or third parties' rights to privacy. MJM objects to Plaintiff's definitions of "You" and "Your" on the grounds

that they are overbroad. Plaintiff's definitions of "You" and "Your" improperly attempt to expand the scope of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**

For each piece of real and personal property Identified in Interrogatory No. 10 above, Identify each Person who has used or leased the property, when that Person used or leased the property, how long that Person used or leased the property, and whether that Person had to pay any amount to use or lease the property.

**RESPONSE TO INTERROGATORY NO. 11:**

MJM incorporates by reference each of its general objections. MJM objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects that this Interrogatory seeks information that is confidential and protected by MJM's or third parties' rights to privacy. MJM objects to Plaintiff's definitions of "You" and "Your" on the grounds that they are overbroad. Plaintiff's definitions of "You" and "Your" improperly attempt to expand the scope of the Federal Rules of Civil Procedure.

Dated: October 3, 2016                 **VENABLE LLP**

By: /s/ Daniel S. Silverman
Daniel S. Silverman (appearing *pro hac vice*)
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
dsilverman@venable.com
Tel: (310) 229-9900
Fax: (310) 229-9901

**ROESER BUCHEIT & GRAHAM LLC**

By: /s/ Darrell J. Graham

10

                                      Darrell J. Graham
                                      John E. Bucheit
                                      Roeser Bucheit & Graham LLC
                                      2 N. Riverside Plaza, Ste. 1420
                                      Chicago, IL  60606
                                      Tel: (312) 621-0301
                                      *Attorneys for Defendants*
                                      MANASSEH JORDAN MINISTRIES,
                                      INC. and YAKIM MANASSEH JORDAN

## **CERTIFICATE OF SERVICE**

      I, Daniel S. Silverman, hereby certify that on this 3rd day of October 2016, a copy of the foregoing **DEFENDANT MANASSEH JORDAN MINISTRIES, INC.'S RESPONSE TO PLAINTIFF DE LA CABADA'S FIRST SET OF INTERROGATORIES** was served via electronic mail to the address(es) listed below:

EDELSON PC
Rafey S. Balabanian
123 Townsend Street, Suite 100
San Francisco, California 94107
rbalabanian@edelson.com
Tel: (415) 212-9300
Fax: (415) 373-9435

Benjamin H. Richman
Eve-Lynn Rapp
Courtney C. Booth
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
brichman@edelson.com
erapp@edelson.com
cbooth@edelson.com
Tel: (312) 589-6370
Fax: (312) 589-6378
Firm ID: 44146

BURSOR & FISHER, P.A.
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, New York 10019
jmarchese@bursor.com
pfraietta@bursor.com
Tel: (646) 837-7150
Fax: (212) 989-9163

*Counsel for Plaintiffs*
JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated

                                        /s/ Daniel S. Silverman
                                        *Attorney for Defendants*
                                        MANASSEH JORDAN MINISTRIES,
                                        INC. and YAKIM MANASSEH JORDAN