# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated, | Case No. 1:16-cv-2106 |
| | Hon. Charles R. Norgle, Sr. |
| Plaintiff, | |
| v. | |
| MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual, | |
| Defendants. | |

**DEFENDANT YAKIM MANASSEH JORDAN'S RESPONSE TO PLAINTIFF DE LA
CABADA'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Yakim Manasseh Jordan ("Mr. Jordan" or "Defendant") hereby responds and objects to the First Set of Interrogatories (the "Interrogatories") propounded by Plaintiff Laura C. De La Cabada ("De La Cabada" or "Plaintiff") as set forth below.

**GENERAL STATEMENT AND OBJECTIONS**

1.      Discovery in this matter has not been completed.  Therefore, all of the responses provided herein are made without prejudice to Mr. Jordan's right to introduce information discovered or deemed responsive after the date of these responses, if any.

2.      Mr. Jordan objects to each Interrogatory to the extent that it purports to require the disclosure of information, including electronically stored information, beyond the scope of permissible discovery under the Federal Rules of Civil Procedure or this Court's Local Civil Rules.

1

3.     Mr. Jordan objects to each instruction, definition and Interrogatory to the extent that it seeks to impose obligations or responsibilities other than, or in addition to, the obligations and responsibilities imposed by the Federal Rules of Civil Procedure or this Court's Local Civil Rules.  Mr. Jordan's response to any Interrogatory does not constitute acceptance or agreement with the instructions and definitions provided by Plaintiff.

4.     Mr. Jordan objects to each Interrogatory to the extent it seeks information that is protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or is otherwise immune or protected from disclosure.  Mr. Jordan does not waive any protections or privileges by the production of such information.

5.     These responses are made solely for the purpose of this action.  Each response is made subject to and without waiving objections as to competence, relevance, materiality, admissibility, and any and all other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court.  All such objections and grounds are reserved and may be interposed at the time of trial.

6.     Mr. Jordan objects to each Interrogatory to the extent that it calls for information that consists of proprietary business information or other confidential information.  To the extent such information exists it will only be provided subject to and without waiver of a protective order.

7.     Mr. Jordan objects to Plaintiff's instruction that purports to require Mr. Jordan to provide a detailed privilege log whenever Mr. Jordan asserts a claim of privilege.  This instruction purports to impose requirements beyond those imposed by the Federal Rules of Civil Procedure, which only require a responding party to expressly make any privilege claim and describe the nature of the information being withheld "in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Persons who provided and/or assisted in providing the responses to these Interrogatories, and for each Person, state the Person's position or title, their job duties or responsibilities, the length of time of each such Person's employment, and Identify the responses that each Person provided or assisted in providing.

### RESPONSE TO INTERROGATORY NO. 1:

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. Information about each person's job duties and length of employment, and specifying each response to which each person contributed, is not relevant and is an unnecessary waste of time.

Subject to and without waiving the foregoing objections, MJM responds as follows: Daniel S. Silverman and Melissa C. McLaughlin, counsel for Defendants, of Venable LLP; 2049 Century Park East, Suite 2300, Los Angeles, CA 90067; (310) 229-9900. Frank Juliano, COO of MJM, who may be contacted through counsel for Defendants.

### INTERROGATORY NO. 2:

Identify and Describe how You, or any Representative, processed and honored Removal Requests.

### RESPONSE TO INTERROGATORY NO. 2:

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory is overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

Subject to and without waiving the foregoing objections, MJM responds as follows:

Mr. Jordan is the spiritual leader of MJM and is not involved in MJM's day to day operations relating to telephone calls, including removal requests.

**INTERROGATORY NO. 3:**

Describe all of Your current and past procedures for ensuring that You and Your Representatives do not call individuals who have requested to no longer receive the Phone Calls.

**RESPONSE TO INTERROGATORY NO. 3:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan is the spiritual leader of MJM and is not involved in MJM's day to day operations relating to telephone calls, including removal requests.

**INTERROGATORY NO. 4:**

Describe in detail the process by which You, Your Representatives or any third party acting on Your or Your Representatives' behalf, obtained or came into possession of the telephone numbers to which the Phone Calls were made.

**RESPONSE TO INTERROGATORY NO. 4:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan is the spiritual leader of MJM and is not involved in MJM's day to day operations relating to telephone calls. Neither Mr. Jordan nor any representative or third party acting on his behalf obtained the telephone numbers about which this Interrogatory asks.

**INTERROGATORY NO. 5:**

Identify the total number of Phone Calls made by You or Your Representative(s) to each Plaintiff, and Identify how many of those Phone Calls were made using a prerecorded message or artificial voice.

**RESPONSE TO INTERROGATORY NO. 5:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows: Mr. Jordan is the spiritual leader of MJM and is not involved in MJM's day to day operations relating to telephone calls. Neither Mr. Jordan nor representatives of Mr. Jordan made calls to Plaintiffs.

**INTERROGATORY NO. 6:**

Identify all facts supporting Your contention that Manasseh Jordan Ministries, Inc., not You, would be liable for the alleged violations of the TCPA. (See Answer at Twentieth Affirmative Defense.)

**RESPONSE TO INTERROGATORY NO. 6:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory implies that Mr. Jordan contends that MJM is liable for TCPA violations when, in fact, Mr. Jordan does not contend that MJM is liable.

Subject to and without waiving the foregoing objections, Mr. Jordan responds as follows:

Mr. Jordan denies that he or MJM is liable for the alleged TCPA violations. MJM operates as a religious organization with an existence separate from Mr. Jordan, and Mr. Jordan serves as its spiritual leader. He was not personally involved in, nor did he authorize, the alleged TCPA violations. Mr. Jordan is not involved in MJM's day to day operations relating to

6

telephone calls, but his understanding is that MJM only reaches out to individuals who consent to receive calls and that MJM removes individuals if they no longer wish to be contacted.

**INTERROGATORY NO. 7:**

Identify the amount of money donated and purchase(s) made, if any, by Plaintiff and the Call Recipients as a result of receiving the Phone Call(s). For each donation and purchase, Identify the Plaintiff or Call Recipient and the date it was made.

**RESPONSE TO INTERROGATORY NO. 7:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definitions of "Call Recipients" and "Phone Calls" on the grounds that they are overbroad and that, as a result, this Interrogatory is unduly burdensome and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. Mr. Jordan objects that this Interrogatory seeks information that is confidential or protected by third parties' rights to privacy.

**INTERROGATORY NO. 8:**

Identify all claims and/or causes of action asserted against You for alleged violations of the TCPA, Including all judgments entered in those matters, the amounts of such judgments, and

the terms of any non-confidential settlement agreements entered into by the parties in any and all related matters.

**RESPONSE TO INTERROGATORY NO. 8:**

 Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects that this Interrogatory seeks information that is protected by his or third parties' rights to privacy.

**INTERROGATORY NO. 9:**

 Identify all facts supporting Your contention that You are financially unable provide relief to all putative class members.

**RESPONSE TO INTERROGATORY NO. 9:**

 Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory seeks confidential and private information. Mr. Jordan objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

**INTERROGATORY NO. 10:**

 Identify any and all transfers of assets by and between You and Defendant Manasseh Jordan Ministries, Inc., Including the amount of money or property at issue, the transferor and transferee, and the date of the transfer.

**RESPONSE TO INTERROGATORY NO. 10:**

 Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory seeks confidential and private information. Mr. Jordan objects that this

Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

**INTERROGATORY NO. 11:**

Identify any and all transfers of assets and compensation You received as a result of the Phone Calls.

**RESPONSE TO INTERROGATORY NO. 11:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory seeks confidential and private information. Mr. Jordan objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case. Mr. Jordan objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and Mr. Jordan rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

**INTERROGATORY NO. 12:**

Identify any and all real property You use or have used that is owned and/or leased by Defendant Manasseh Jordan Ministries, Inc. For each piece of real property, Identify the Person or entity that pays (or paid) the mortgage, the dates you resided there, and the amount (if any) You had to pay to reside there.

**RESPONSE TO INTERROGATORY NO. 12:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory seeks confidential and private information. Mr. Jordan objects that this

Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.

**INTERROGATORY NO. 13:**

Identify the make, model, and year of any and all vehicles You use or have used that are owned and/or leased by Defendant Manasseh Jordan Ministries, Inc. For each vehicle, Identify the Person or entity that pays or paid for the vehicle, the dates You used each vehicle, and the amount (if any) You had to pay to use the vehicle.

**RESPONSE TO INTERROGATORY NO. 13:**

Mr. Jordan incorporates by reference each of his general objections. Mr. Jordan objects that this Interrogatory seeks confidential and private information. Mr. Jordan objects that this Interrogatory is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense and proportional to the needs of the case.


Dated: October 3, 2016                    **VENABLE LLP**

                                   By:    /s/ Daniel S. Silverman
                                          Daniel S. Silverman (appearing *pro hac vice*)
                                          Venable LLP
                                          2049 Century Park East, Suite 2300
                                          Los Angeles, CA 90067
                                          dsilverman@venable.com
                                          Tel: (310) 229-9900
                                          Fax: (310) 229-9901

                                          **ROESER BUCHEIT & GRAHAM LLC**

                                   By:    /s/ Darrell J. Graham
                                          Darrell J. Graham
                                          John E. Bucheit
                                          Roeser Bucheit & Graham LLC
                                          2 N. Riverside Plaza, Ste. 1420
                                          Chicago, IL 60606
                                          Tel: (312) 621-0301
                                          *Attorneys for Defendants*

MANASSEH JORDAN MINISTRIES,
INC. and YAKIM MANASSEH JORDAN

<u>**CERTIFICATE OF SERVICE**</u>

I, Daniel S. Silverman, hereby certify that on this 3rd day of October 2016, a copy of the foregoing **DEFENDANT YAKIM MANASSEH JORDAN'S RESPONSES TO PLAINTIFF DE LA CABADA'S FIRST SET OF INTERROGATORIES** was served via electronic mail to the address(es) listed below:

EDELSON PC
Rafey S. Balabanian
123 Townsend Street, Suite 100
San Francisco, California 94107
rbalabanian@edelson.com
Tel: (415) 212-9300
Fax: (415) 373-9435

Benjamin H. Richman
Eve-Lynn Rapp
Courtney C. Booth
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
brichman@edelson.com
erapp@edelson.com
cbooth@edelson.com
Tel: (312) 589-6370
Fax: (312) 589-6378
Firm ID: 44146

BURSOR & FISHER, P.A.
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, New York 10019
jmarchese@bursor.com
pfraietta@bursor.com
Tel: (646) 837-7150
Fax: (212) 989-9163

*Counsel for Plaintiffs*
JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated

/s/ Daniel S. Silverman
*Attorney for Defendants*
MANASSEH JORDAN MINISTRIES, INC. and YAKIM MANASSEH JORDAN

1