# Exhibit 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated, | Case No. 1:16-cv-2106 |
| | Hon. Charles R. Norgle, Sr. |
| Plaintiff, | |
| v. | |
| MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual, | |
| Defendants. | |

**DEFENDANT MANASSEH JORDAN MINISTRIES, INC.'S RESPONSE TO
PLAINTIFF MOLITOR'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF
DOCUMENTS AND THINGS**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Manasseh Jordan Ministries, Inc. ("MJM" or "Defendant") hereby responds and objects to the First Set of Requests for the Production of Documents and Things (the "Requests") propounded by Plaintiff Jeffrey Molitor ("Molitor" or "Plaintiff") as set forth below.

**GENERAL STATEMENT AND OBJECTIONS**

1.      Discovery in this matter has not been completed.  Therefore, all of the responses provided herein are made without prejudice to MJM's right to introduce information discovered or deemed responsive after the date of these responses, if any.

2.      MJM objects to Plaintiff's definition of "You," "Your," "Defendant" or "Manasseh Jordan Ministries" in the definitions section of the Requests on the grounds that it is overbroad. Plaintiff's impossibly expansive definitions improperly attempts to expand the scope

of the Federal Rules of Civil Procedure. Therefore, without waiving any objections, MJM will respond to the Requests on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure.

3.      MJM objects to each Request to the extent that it purports to require the disclosure of information, including electronically stored information, beyond the scope of permissible discovery under the Federal Rules of Civil Procedure or this Court's Local Civil Rules.

4.      MJM objects to each instruction, definition and Request to the extent that it seeks to impose obligations or responsibilities other than, or in addition to, the obligations and responsibilities imposed by the Federal Rules of Civil Procedure or this Court's Local Civil Rules. MJM's response to any Request does not constitute acceptance or agreement with the instructions and definitions provided by Plaintiff.

5.      MJM objects to each Request to the extent it seeks information that is protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or is otherwise immune or protected from disclosure. MJM does not waive any protections or privileges by the production of such information.

6.      These responses are made solely for the purpose of this action. Each response is made subject to and without waiving objections as to competence, relevance, materiality, admissibility, and any and all other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

7.      MJM objects to each Request to the extent that it calls for information that consists of proprietary business information or other confidential information. To the extent

such information exists it will only be provided subject to and without waiver of a protective order.

8.      MJM objects to Plaintiff's instruction that purports to require MJM to provide a detailed privilege log whenever MJM asserts a claim of privilege.  This instruction purports to impose requirements beyond those imposed by the Federal Rules of Civil Procedure, which only require a responding party to expressly make any privilege claim and describe the nature of the information being withheld "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents You Relied upon in drafting Your answers to Plaintiff Molitor's and Plaintiff De la Cabada's First Sets of Interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

MJM incorporates by reference each of its general objections.  MJM objects that this Request seeks documents protected by the attorney-client privilege or work product doctrine, such as communications about this litigation.

Subject to and without waiving the foregoing objections, MJM responds as follows: MJM will produce all responsive documents within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure.

### REQUEST FOR PRODUCTION NO. 2:

All Documents You Relied upon in drafting Your Answer.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents containing confidential business information.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents, if any, within its possession, custody or control that have not already been produced and are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure.

**REQUEST FOR PRODUCTION NO. 3:**

All insurance policies, contracts, or other written understandings under which You contend that any Person other than You may be liable to satisfy all or part of any judgment that may be entered in this case, or to indemnify or reimburse for payments made by You to satisfy any such judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM does not have any responsive documents within its possession, custody or control and is not withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 4:**

All training materials, instructions, and manuals provided to Your Representatives, or any other third party working on Your and/or Your Representatives' behalf, Relating to the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "Your" on the grounds that it is overbroad. Plaintiff's definition of "Your" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM does not have any responsive documents within its possession, custody or control and is not withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Relating To the training materials, instructions, and manuals produced in response to Request No. 4, Including Documents Regarding the creation, drafting, and implementation of these materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

MJM incorporates by reference each of its general objections.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM does not have any responsive documents within its possession, custody or control and is not withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 6:**

All scripts used for Phone Calls (Including but not limited to live calls, prerecorded messages and messages utilizing an artificial voice) made by You, Your Representatives, or any third party working on Your and/or Your Representatives' behalf, and any Documents Relating To such scripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. MJM objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to phone calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce scripts of phone calls made to these Plaintiffs, if any, within its possession, custody or control. MJM is withholding any scripts it may have of phone calls other than those made to these Plaintiffs based on its objections.

**REQUEST FOR PRODUCTION NO. 7:**

All audio recordings of any prerecorded messages or messages utilizing an artificial voice used during the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. MJM objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to phone calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce audio recordings of phone calls made to these Plaintiffs, if any, within its possession, custody or control. MJM is withholding any audio recordings it may have of phone calls other than those made to these Plaintiffs based on its objections.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Relating To how the Phone Calls to Plaintiff and the Call Recipients were made, Including Documents Describing or Identifying all Telephone Dialing Equipment used to make the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. MJM objects to Plaintiff's definitions of "Phone Calls" and "Call Recipients" on the grounds that they are overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to phone calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM did not place the calls allegedly received by Plaintiffs and uses a vendor to place such calls on its behalf. MJM does not have any responsive documents within its possession, custody or control and is not withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and/or ESI sufficient to Identify the technological capability and/or capacity of the Telephone Dialing Equipment used to make the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

MJM incorporates by reference each of its general objections.  MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.  MJM objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case.  MJM will respond to the Request with respect to phone calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM did not place the calls allegedly received by Plaintiffs and uses a vendor to place such calls on its behalf.  MJM does not have any responsive documents within its possession, custody or control and is not withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents sufficient to Identify by name each Representative who made the Phone Calls, along with each Representative's contact information (Including but not limited to telephone number, address, and e-mail address).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

MJM incorporates by reference each of its general objections.  MJM objects that this Request seeks documents containing confidential business information.  MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to

advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from

God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs

constitute publicizing, advertising, or commercial activity.  MJM objects to Plaintiff's definition

of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly

burdensome and seeks documents that are not relevant to any party's claim or defense and

proportional to the needs of the case.  MJM will respond to the Request with respect to phone

calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents within its possession, custody or control that

have not already been produced, and which are not protected from discovery by the attorney-

client privilege, work product doctrine, or any other applicable privilege or protection, or that are

otherwise immune or protected from disclosure.

**REQUEST FOR PRODUCTION NO. 11:**

All contracts and agreements exchanged between You and Your Representatives Relating

To the Promotion of Your products, services, and/or mission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

MJM incorporates by reference each of its general objections.  MJM objects to Plaintiff's

definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You"

improperly attempts to expand the scope of the Federal Rules of Civil Procedure.  MJM will

respond to the Request on behalf of MJM only, and not in conjunction with any other person or

entity, and in compliance with the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM does not have any responsive documents within its possession, custody or control and is not withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 12:**

All contracts and agreements, exchanged between You, Your Representatives, or any other third party acting on Your and/or Your Representatives' behalf Related To the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents containing confidential business information. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. MJM objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to phone calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents within its possession, custody or control that have not already been produced, and which are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure.

## REQUEST FOR PRODUCTION NO. 13:

All Documents sufficient to Identify all telephone numbers from which You, Your Representatives or any other third party acting on Your and/or Your Representatives' behalf made the Phone Calls.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. MJM objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to phone calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents relating to phone calls allegedly received by these Plaintiffs within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure. MJM is withholding documents relating to phone calls to any individuals other than these Plaintiffs based on its objections.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents sufficient to Identify the prerecorded messages or messages containing an artificial voice that were associated with each telephone number You, Your Representatives or any other third party acting on Your and/or Your Representatives' behalf used to make the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. MJM objects to Plaintiff's definition of "Phone Calls" on

the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to phone calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents, if any, relating to phone calls allegedly received by these Plaintiffs within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure. MJM is withholding documents relating to phone calls to any individuals other than these Plaintiffs based on its objections.

## REQUEST FOR PRODUCTION NO. 15:

All Documents Relating To the process or processes by which You, Your Representative(s), or any third party acting on Your and/or Your Representatives' behalf obtained each Plaintiff's phone number.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, MJM responds as follows:

14

MJM will produce all responsive documents, if any, within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Relating To the process or processes by which You, Your Representative(s), or any third party acting on Your and/or Your Representatives' behalf obtained the phone numbers of the Call Recipients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Call Recipients" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Relating To how You, Your Representative(s), or any third party acting on Your and/or Your Representatives' behalf obtained Prior Express Written Consent to make the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will

respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. MJM objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to phone calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents relating to these Plaintiffs' phone numbers, if any, within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure. MJM is withholding documents relating to phone numbers of any individuals other than these Plaintiffs based on its objections.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Relating To the process and/or methodology used to obtain and verify Prior Express Written Consent from Plaintiff and/or any Call Recipient(s) to receive the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

16

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. MJM objects to Plaintiff's definitions of "Phone Calls" and "Call Recipients" on the grounds that they are overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to phone calls allegedly received by these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents relating to these Plaintiffs' phone numbers, if any, within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure. MJM is withholding documents relating to phone numbers of any individuals other than these Plaintiffs based on its objections.

**REQUEST FOR PRODUCTION NO. 19:**

All records of Prior Express Written Consent from Plaintiffs to receive the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents, if any, within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure.

**REQUEST FOR PRODUCTION NO. 20:**

All records of Prior Express Written Consent from the Call Recipients to receive the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity. MJM objects to Plaintiff's definition of "Call Recipients" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and

18

seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Relating To the process, methodology, and/or policy used to process Removal Requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

MJM incorporates by reference each of its general objections.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating To the process, methodology, and/or policy used to honor Removal Requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

MJM incorporates by reference each of its general objections.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure.

**REQUEST FOR PRODUCTION NO. 23:**

All Removal Requests submitted to You and/or Your Representatives by Plaintiffs and the Call Recipients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents protected by the attorney-client privilege or work product doctrine, such as communications about this litigation. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Call Recipients" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all removal requests from these Plaintiffs, if any, within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure. MJM is withholding removal requests from any individuals other than these Plaintiffs based on its objections.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating to Plaintiffs and the Call Recipients submitting Removal Requests, Including any Documents created as the result of Plaintiff's or the Call Recipient's oral Removal Requests.

20

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents protected by the attorney-client privilege or work product doctrine, such as communications about this litigation. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Call Recipients" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM will respond to the Request with respect to these Plaintiffs only.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents relating to these Plaintiffs, if any, within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure. MJM is withholding documents relating to removal requests from any individuals other than these Plaintiffs based on its objections.

**REQUEST FOR PRODUCTION NO. 25:**

All internal and external lists [sic] do-not-call lists maintained by You and/or Your Representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents protected by the attorney-client privilege or work product doctrine,

such as communications about this litigation. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM objects that this Request seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects that this Request seeks documents that are protected by third parties' rights to privacy.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Relating To Your procedures and criteria for ensuring Your, Your Representatives', or any third parties' compliance with the TCPA Regarding the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents protected by the attorney-client privilege or work product doctrine, such as communications about this litigation. MJM objects to Plaintiff's definition of "Your" on the grounds that it is overbroad. Plaintiff's definition of "Your" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure. MJM is not withholding documents based on its objections.

## REQUEST FOR PRODUCTION NO. 27:

All Documents Relating To consumer or governmental complaints, inquiries, or investigations Regarding the Phone Calls and/or violations of the TCPA, regardless of whether lawsuits arose out of such complaints.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents that may contain confidential information or are protected by third parties' rights to privacy. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM would have to spend a significant amount of time searching for and reviewing the documents requested, which are not pertinent to Plaintiffs' claims in this case. This Request is so extensive and so irrelevant that it appears to be propounded solely for the purpose of harassment. MJM objects that this Request seeks documents protected by the attorney-client privilege or work product doctrine. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

23

**REQUEST FOR PRODUCTION NO. 28:**

All lists of telephone numbers used, or purchased for use, by You and/or Your Representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM objects that this Request seeks documents that may contain confidential information or are protected by third parties' rights to privacy. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Related To any lists of telephone numbers used by You and/or Your Representatives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM objects that this Request seeks documents that may contain confidential information or are protected by third parties' rights to privacy. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects that this Request seeks documents protected by the attorney-client privilege or work product doctrine.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents that Identify the total number of Phone Calls made to each Plaintiff using a prerecorded or automated voice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents that Identify the total number of Phone Calls made to Call Recipients using a prerecorded or automated voice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents that may contain confidential information or are protected by third parties' rights to privacy. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the

needs of the case. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates

the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other

commercial activity intended to advertise any products, services, blessings, miracles, prosperity,

seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls

allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to Identify the total number of Call Recipients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

MJM incorporates by reference each of its general objections. MJM objects that this

Request seeks documents that may contain confidential information or are protected by third

parties' rights to privacy. MJM objects that this Request is overbroad, unduly burdensome, and

seeks documents that are not relevant to any party's claim or defense and proportional to the

needs of the case. For example, this Request is not limited to any time period relevant to this

action.

**REQUEST FOR PRODUCTION NO. 33:**

All analytics reports created or that were created by or for You and/or Your

Representatives Relating To the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

MJM incorporates by reference each of its general objections. MJM objects that this

Request seeks documents that may contain confidential information or are protected by third

parties' rights to privacy. MJM objects to Plaintiff's definition of "You" on the grounds that it is

overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the

Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and

not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure. MJM objects that this Request seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM does not have any responsive documents within its possession, custody or control and is not withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 34:**

All Communications between You and any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM will respond to the Request on behalf of MJM only, and not in conjunction with any other person or entity, and in compliance with the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM does not have any responsive documents within its possession, custody or control and is not withholding documents based on its objections.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Relating To any Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents protected by the attorney-client privilege or work product doctrine, such as communications about this litigation.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM will produce all responsive documents within its possession, custody or control that are not protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, or that are otherwise immune or protected from disclosure.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to Identify all Call Recipients, Including the Call Recipients' names, telephone numbers, addresses, e-mail addresses, and any other identifying information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents that may contain confidential information or are protected by third parties' rights to privacy. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to Identify the amount of each money donation and purchase made, if any, by Plaintiff and the Call Recipients after receiving a Phone Call. For each donation and purchase, Identify the Plaintiff or Call Recipient and the date it was made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks documents that may contain confidential information or are protected by third parties' rights to privacy. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to Identify Your financial condition, Including but not limited to balance sheets, profit and loss statements, and tax returns during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks confidential and private information. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "Your" on the grounds that it is overbroad. Plaintiff's definition of "Your" improperly attempts to expand the scope of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to Identify any and all transfers of assets by, to, and between You, Your officers, and Your principals, Including the amount of money or property at issue, the transferor and transferee, and the date of the transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks confidential and private information. MJM objects that this Request is overbroad,

unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "You" and "Your" on the grounds that it is overbroad. Plaintiff's definition of "You" and "Your" improperly attempts to expand the scope of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Relating To Your contention that You cannot provide relief to all putative class members because whatever money You receive as a result of the Phone Calls "goes out in various forms."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks confidential and private information. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "You" on the grounds that it is overbroad. Plaintiff's definition of "You" improperly attempts to expand the scope of the Federal Rules of Civil Procedure. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents sufficient to Identify all real and personal property owned or leased by You that is used or leased, may be used or leased, or has been used or leased by Defendant

Yakim Manasseh Jordan, all Jordan family members, Your employees and Representatives, and/or all other members of the Prophetic Order of Mar Elijah.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks confidential and private information with respect to Defendants and third parties. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "You" and "Your" on the grounds that it is overbroad. Plaintiff's definition of "You" and "Your" improperly attempts to expand the scope of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 42:**

For each piece of real and personal property identified in Request No. 41 above, all Documents sufficient to Identify each Person who has used or leased the property, when that Person used or leased the property, how long that Person used or leased the property, and whether that Person paid any amount to use or lease the property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks confidential and private information with respect to Defendants and third parties. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case

**REQUEST FOR PRODUCTION NO. 43:**

All Documents sufficient to Identify all policies related to the use of Your owned and/or leased real and personal property by Defendant Yakim Manasseh Jordan, all Jordan family

members, Your employees and Representatives, and/or all other members of the Prophetic Order of Mar Elijah, Including but not limited to restrictions on use, payment for use, duration of use, liability for use, etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

MJM incorporates by reference each of its general objections. MJM objects that this Request seeks confidential and private information with respect to Defendants and third parties. MJM objects that this Request is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "Your" on the grounds that it is overbroad. Plaintiff's definition of "Your" improperly attempts to expand the scope of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents sufficient to Identify Defendant Yakim Manasseh Jordan's role in the making of the Phone Calls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

MJM incorporates by reference each of its general objections. MJM objects to Plaintiff's definition of "Phone Calls" on the grounds that it is overbroad and that, as a result, this Request is unduly burdensome and seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case. MJM objects to Plaintiff's definition of "Phone Calls" because it incorporates the defined term "Promoting," which Plaintiff has defined as "publicizing, advertising, or other commercial activity intended to advertise any products, services, blessings, miracles, prosperity, seed-faith, and/or favor from God," and MJM rejects

any implication that the phone calls allegedly received by Plaintiffs constitute publicizing, advertising, or commercial activity.

Subject to and without waiving the foregoing objections, MJM responds as follows:

MJM does not have any responsive documents within its possession, custody or control and is not withholding documents based on its objections.

Dated: October 3, 2016

**VENABLE LLP**

By: /s/ Daniel S. Silverman
Daniel S. Silverman (appearing *pro hac vice*)
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
dsilverman@venable.com
Tel: (310) 229-9900
Fax: (310) 229-9901

**ROESER BUCHEIT & GRAHAM LLC**

By: /s/ Darrell J. Graham
Darrell J. Graham
John E. Bucheit
Roeser Bucheit & Graham LLC
2 N. Riverside Plaza, Ste. 1420
Chicago, IL 60606
Tel: (312) 621-0301
*Attorneys for Defendants*
MANASSEH JORDAN MINISTRIES,
INC. and YAKIM MANASSEH JORDAN

## CERTIFICATE OF SERVICE

I, Daniel S. Silverman, hereby certify that on this 3rd day of October 2016, a copy of the foregoing to **DEFENDANT MANASSEH JORDAN MINISTRIES, INC.'S RESPONSE TO PLAINTIFF MOLITOR'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** was served via electronic mail to the address(es) listed below:

EDELSON PC
Rafey S. Balabanian
123 Townsend Street, Suite 100
San Francisco, California 94107
rbalabanian@edelson.com
Tel: (415) 212-9300
Fax: (415) 373-9435

Benjamin H. Richman
Eve-Lynn Rapp
Courtney C. Booth
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
brichman@edelson.com
erapp@edelson.com
cbooth@edelson.com
Tel: (312) 589-6370
Fax: (312) 589-6378
Firm ID: 44146

BURSOR & FISHER, P.A.
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, New York 10019
jmarchese@bursor.com
pfraietta@bursor.com
Tel: (646) 837-7150
Fax: (212) 989-9163

*Counsel for Plaintiffs*
JEFFREY MOLITOR, LAURA C. DE LA
CABADA, STEVE CLARKE, AND RUTH
MAKI, individually and on behalf of all others
similarly situated

/s/ Daniel S. Silverman
*Attorney for Defendants*
MANASSEH JORDAN MINISTRIES,
INC. and YAKIM MANASSEH JORDAN