**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, and RUTH MAKI, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual, <br><br> *Defendants.* | Case No. 1:16-cv-02106 <br><br> Honorable Charles R. Norgle, Sr. |

## PLAINTIFFS' MOTION TO EXTEND DISCOVERY CUTOFF

Plaintiffs Jeffrey Molitor, Laura De La Cabada, Steve Clark, and Ruth Maki ("Plaintiffs"), by and through their undersigned counsel, hereby respectfully move the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for an Order continuing the current discovery cutoff through and including June 30, 2017. In support of the instant motion, Plaintiffs state as follows:

1.      Plaintiff Molitor filed this action in state court on January 5, 2016, alleging that Defendants Manasseh Jordan Ministries ("MJM") and Yakim Manasseh Jordan ("Jordan" and collectively with MJM, "Defendants") made illegal phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendants removed the case to federal court on February 10th (Dkt. 2), and Plaintiffs filed their First Amended Complaint ("FAC") on June 20, 2016. (Dkt. 11-1.) The litigation then progressed into discovery.

2.      After months of delayed document productions from Defendants and multiple meet and confers, Plaintiffs ultimately filed a motion to compel discovery responses on January

9, 2017. (Dkt. 25.) With the help of Magistrate Judge Schenkier, the parties were ultimately able to reach an agreement on Defendant's outstanding discovery responses and production. (*See* Dkt. 39.) Defendants completed their document production and supplemented their discovery answers on March 29, 2017.

1.       In light of the above, the Court had extended the discovery deadline to May 12, 2017. (Dkt. 35.)

2.       Based on Defendant's completed document production, Plaintiffs have since identified additional individuals and entities that they believe are likely involved in (and potentially liable for) the alleged violations of the TCPA. Plaintiffs will seek leave to amend their complaint to add additional defendant(s) based on information adduced in discovery to date. However, delays in the discovery schedule have hindered Plaintiffs' ability to evaluate all of the information they're entitled to before doing so.

### *Bishop E. Bernard Jordan, Debra Jordan, and Zoe Ministries*

3.       As Plaintiffs alleged in the FAC, Defendants incessantly robocall individuals seeking "seed-faith" money in order to maintain Jordan's lavish lifestyle. Plaintiffs allege that Defendants adopted this business model of illegally calling consumers with a "profitable prosperity pitch" from Zoe Ministries, a similar "nonprofit" religious organization run by Defendant Jordan's parents, E. Bernard Jordan ("Bishop Jordan") and Debra Jordan. (*See* FAC ¶¶ 16-17.)

4.       Specifically, Plaintiffs allege that MJM was formed and incorporated shortly after Zoe Ministries received an FCC citation letter in 2010 for placing phone calls in violation of the TCPA. (FAC ¶ 20.) The FAC explains that after the FCC citation, Bishop Jordan "turned to his family to provide an alternative solution" and two months later MJM was incorporated by three

of Bishop Jordan's children (including Defendant Yakim Manasseh Jordan) and Zoe Ministries prophet Charlie Berrian (a close family friend). (*Id.* ¶ 21.) Several other aspects of the newly incorporated MJM overlapped with Zoe Ministries as well, including, but not limited to, the fact that both entities had the same operating address (310 Riverside Drive, New York, NY 10025) and MJM's trustees were all actively involved with Zoe Ministries. (*Id.* ¶ 22.)

5.     On March 7, 2017, Plaintiffs took the third party deposition of Naomi Cook—former trustee of MJM, current trustee and former office manager of Zoe Ministries, daughter of Bishop Jordan and Debra Jordan, and sister to Defendant Yakim Manasseh Jordan—whose testimony indicated that in addition to observing almost no corporate formalities, MJM was launched and incorporated with the help and guidance of Bishop Jordan and Debra Jordan of Zoe Ministries.

6.     Plaintiffs have also noticed the depositions of Bishop Jordan and Debra Jordan, and fully expect that those depositions will shed further light on the overlap between MJM and Zoe Ministries. Despite Plaintiffs' originally noticing those depositions for late March, and rescheduling for early April (in light of Defendants' delayed production and availability), Defendants have repeatedly asked that both depositions be postponed due to defense counsel's limited availability.

### Kingdom Ministries Church, Inc.

7.     Evidence adduced to date also shows that an entity by the name of Kingdom Ministries Church, Inc. ("Kingdom Ministries") is operating as an alter ego of MJM and Jordan. Kingdom Ministries is a Georgia not-for-profit corporation with its principal place of business located at 194 Jonesboro Road, Jonesboro, GA 30236 (which, strangely, appears to be an automotive shop). Kingdom Ministries' secretary and CFO is Robert Seibel (who is currently

representing the Defendants in this case) and its CEO is David Few (whose LinkedIn profile states that he is Director of Special Events at MJM). According to their respective websites, MJM and Kingdom Ministries also share the same P.O. Box address and phone number.[1] *See* Privacy Policy, "Contacting Us," www.kingdommchurch.com/privacy_policy (last visited Apr. 18, 2017). Moreover, the URL "prophetmanasseh.tv" directs to Kingdom Ministries' website.

8.    Additionally, Defendant Jordan resides in the Florida mansion purchased by Kingdom Ministries in June 2016 for $2,650,000. *See Peacock v. Yakim Manasseh Jordan*, No. 16-cv-04353, Dkt. 13 (N.D. Ga. Mar. 15, 2017).

9.    On May 8, 2017, Plaintiff sent subpoenas for documents and a deposition out for service on Kingdom Ministries, and expect to obtain more information regarding Kingdom Ministries' relationship with MJM in the coming weeks.

***Extension of Discovery Deadline***

10.    Plaintiffs have made every effort to complete as much discovery as possible on the Defendants and the aforementioned third parties within the current discovery schedule.

11.    However, in addition to requesting that the depositions of Bishop Jordan and Debra Jordan be postponed, Defendants and/or their counsel also requested that the earlier-noticed depositions of both MJM and Mr. Jordan be rescheduled due to the defense's scheduling conflicts.

12.    The deposition of MJM's Rule 30(b)(6) representative, Frank Juliano, was ultimately conducted on April 26, 2017. Despite receiving the list of deposition topics (which MJM never objected to) weeks before the deposition took place, Mr. Juliano was not prepared to

---

[1]    Aside from providing MJM's address and phone number as contact information, Kingdom Ministries' website provides almost no other information, instead indicating that each webpage is "[c]urrently being updated."

testify as to every deposition topic. (Specifically, Mr. Juliano was unable to testify as to matters relating to the formation and operation of MJM.) It may therefore be necessary to conduct a second Rule 30(b)(6) deposition of a witness prepared to testify as to the topic(s) that Mr. Juliano was unable to.

13. Additionally, Defendants and/or their counsel requested that Mr. Jordan's deposition, originally scheduled to take place on April 5, 2017, be postponed. However, counsel for Mr. Jordan did not provide dates that he could be available to testify until May 2, 2017, and indicated that, based on counsel's and Mr. Jordan's schedules, he could only be available in late May. Accordingly, Mr. Jordan's deposition is currently scheduled to take place on May 24, 2017.

14. As outlined in the parties' April 12th status report, Defendants have indicated that they would be willing to agree to a discovery extension until May 31, 2017 in order to permit scheduling of Bishop Jordan's and Debra Jordan's depositions. (Dkt. 42.) Due to the persistent difficulties with deposition scheduling and the outstanding third party discovery, however, it does not appear that there will even be sufficient time before May 31, 2017 to complete the outstanding and anticipated discovery.

15. Therefore, Plaintiffs respectfully request an extension of the fact discovery deadline through and including June 30, 2017.[2]

16. This is the third request for an extension of the discovery deadline.

---

[2] In the event that Plaintiffs seek leave to name additional party defendants, they do not anticipate the need for much (if any) additional discovery given the substantial overlap between the individuals and entities at issue, and the fact that they will have already completed third-party discovery on those potential additional parties. Thus, Plaintiffs reasonably expect the requested extension through June 30th to complete discovery to be their last such request.

17.     Based on the foregoing, good cause exists to grant the instant Motion and the relief requested herein is not sought for any improper purpose.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request that the Court enter an Order (i) extending the discovery cutoff through and including June 30, 2017, and (ii) providing such other and further relief that it deems reasonable and just.

Respectfully submitted,

**JEFFREY MOLITOR, LAURA C. DE LA CABADA MORO, STEVE CLARKE, AND RUTH MAKI**, individually and on behalf of all others similarly situated,

Dated: May 8, 2017                    By:  /s/ Benjamin H. Richman
                                            One of Plaintiffs' Attorneys

Benjamin H. Richman
brichman@edelson.com
Sydney M. Janzen
sjanzen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Joseph I. Marchese (Admitted *Pro Hac Vice*)
jmarchese@bursor.com
Philip L. Fraietta (Admitted *Pro Hac Vice*)
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, an attorney, hereby certify that on May 8, 2017, I caused to be served the above and foregoing **_Plaintiffs' Motion to Extend Discovery Cutoff_** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system.

<u>/s/ Benjamin H. Richman    </u>