# EXHIBIT 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| Jeffrey Molitor, et. al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 16cv2106 |
| Manasseh Jordan Ministries, Inc., et. al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

RA 5-16-17 1:30 PM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kingdom Ministries Church, Inc. c/o David Few
194 Jonesboro Road, Jonesboro, GA 30236

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See Attached Rider**

| Place: Edelson PC<br>350 N. LaSalle, Suite 1300<br>Chicago, IL 60654 | Date and Time:<br>05/22/2017 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/08/2017

*CLERK OF COURT*

OR

_____    /s/ Sydney Janzen
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Jeffrey Molitor**, who issues or requests this subpoena, are:
Sydney Janzen, 350 North LaSalle, 13th Floor, Chicago, IL 60654, sjanzen@edelson.com, 312-589-6370

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16cv2106

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                                *Server's signature*

                                                *Printed name and title*

                                                *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA MORO, STEVE CLARKE, and RUTH MAKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual,<br><br>Defendants. | Case No. 1:16-cv-02106<br><br>Honorable Charles R. Norgle, Sr. |

## **RIDER TO SUBPOENA TO KINGDOM MINISTRIES CHURCH, INC.**

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff Jeffrey Molitor requests that Kingdom Ministries Church, Inc. produce the following documents that are in its possession, custody, or control, including documents within the possession, custody, or control of its officers, agents, attorneys, or employees, for inspection and copying to the following location no later than May 22, 2017 at 5:00 p.m.:

Sydney Janzen
sjanzen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654

## **DEFINITIONS**

1. "Document" or "Documents" means any writings, letters, telegrams, memoranda, correspondence, email messages, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, computer data

files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored, or produced, including audio and video recordings and electronically-stored information (including but not limited to e-mails, web pages, Websites, computer discs, computer programs, and computer files, including, where applicable, compiled and uncompiled source code), whether or not in printout form. These terms shall also mean copies of Documents even though the originals are not in Your possession, custody or control; every copy of a Document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any Documents; and any other Documents, items and/or information discoverable under federal law and procedure, including, without limitation, the items referenced in Federal Rule of Civil Procedure 34(a)(1).

    2.     "Communication" or "Communications" means or refers to the transmittal of information, facts or ideas Including communications in the form of any discussion, conversation, inquiry, negotiation, agreement, contract, understanding, meeting, telephone conversation, letter, correspondence, note, memorandum, e-mail message, instant message, text message, electronic chat, telegram, audio recordings, advertisement or other form of exchange of words, whether oral or written. "Communication" or "Communications" also means or refers to all written and unwritten but recorded correspondence, including non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, Including memos, letters analog or digital recordings, audio recordings, electronic chat logs, voicemail, email, Computer files, Computer disks, or other things sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or with Your employees.

3. "Identify" when used with respect to a natural Person, means to state the Person's full name, present or last known business affiliation and position, past and present home address and past position and business affiliation, if any, with any of the parties herein.

4. "Identify" when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (e.g., partnership, corporation, etc.), the address of its principal place of business, and to Identify its principal proprietors, officers and/or directors.

5. "Identify" when used with respect to a Document, means to state the Date(s) prepared, drafted or generated, the author(s), intended and actual recipient(s), type of Document (e.g., "letter," "Terms of Service" or "email"), and to Identify its last known custodian or location.

6. "Identify" when used in reference to an event, transaction, or occurrence, means to Describe the act in complete and reasonable detail; state the time, Date, location; Identify all Persons participating or present; and Identify all Documents Relating thereto.

7. "Identify" when used with respect to a Communication, means to state type of Communication (i.e., telephone discussion, email, face-to-face, etc.), the name and present address of each Person present during the Communication, or who otherwise observed or heard the Communication and to state the subject matter of the Communication and the Date upon which it occurred. If the Communication was in writing, Identify all Documents that Relate or are Relating To the Communication in the manner provided above.

8. "Including" means "including, but not limited to."

9. "Person" or "Persons" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

10. "Related To" means discussing, mentioning, addressing, referring to, analyzing, comprising, underlying, memorializing, describing, or showing the subject indicated.

11. "Relevant Time Period" means or refers to the time period between January 5, 2012 and the present. Unless otherwise stated, all requests refer to the Relevant Time Period.

12. "Representative" means or refers to any Person(s) employed by You and/or acting on Your behalf, that made or make(s) the Phone Calls, Including telemarketers, vendors, salespersons, and/or distributors, and all Persons acting on their behalf.

13. "You", "Your" or "Kingdom" mean or refer to Kingdom Ministries Church, Inc. and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all other Persons acting or purporting to act on behalf of any of them.

## INSTRUCTIONS

1. Please contact the attorney issuing this Subpoena, Sydney Janzen, at (312) 874-7650 or sjanzen@edelson.com at your earliest convenience. The intent is to avoid or minimize unnecessary expenses or burden on the respondent. Minimizing expenses and/or burden requires early and cooperative communication.

2. Under Federal Rules of Civil Procedure 34(b)(2)(E), all Documents are to be produced in the form, order, and manner in which they are maintained in Your files. Documents are to be produced in the folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found and in such a manner that the office and location from which they were produced is readily identifiable. Whenever a Document (as defined) or group of Documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, attach thereto a copy

of the label on the file folder, file box, or notebook from which the Document or group of Documents was removed.

3. If, in responding to these requests, You encounter any ambiguity in construing either the request or any instruction relevant to the request, You should nonetheless respond to the request, set forth the matter deemed ambiguous, and set forth the construction used in responding to the request.

4. If You claim privilege as grounds for failing to produce any document requested:

   (i) Identify the author or originator of the Document, the Date authored or originated, the identity of each Person to whom an original or a copy was addressed or delivered, the identity of each Person known or reasonably believed by You to have present possession, custody, or control thereof;

   (ii) Discuss the factual basis for Your claim of privilege in sufficient detail to permit the court to adjudicate the validity of that claim; and

   (iii) Produce so much of each such Document that does not contain privileged information or communications.

5. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. Singular and plural words should be read so as to broaden their meaning and bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

6. Bates Numbering. Each page of a produced Document shall have a legible, unique page identifier "Bates Number" electronically "burned" onto or associated with the Document, or imaged in such a manner that information from the source Document is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the Document image unless a Document qualifies for confidential treatment pursuant to the terms of any

Protective Order in this litigation, or has been redacted in accordance with applicable law or Court order.

7. For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these requests shall be resolved so as to construe these requests as broadly as possible

## REQUESTS

1. All Documents sufficient to show the incorporation of Kingdom, Including any articles of incorporation or certificates of incorporation.

2. Documents sufficient to identify all states in which You are registered to do business.

3. All Documents Relating To the formation and operation of Your religious organization.

4. Documents sufficient to Identify all subsidiaries, companies, corporations, and organizations owned or managed by You.

5. Documents sufficient to Identify Your financial condition, Including balance sheets, profit and loss statements, and tax returns during the Relevant Time Period.

6. Documents sufficient to Identify any and all transfers of assets by, to and between You, Your officers, and Your principals, Including the amount of money or property at issue, the transferor and transferee, and the Date of transfer.

7. Documents sufficient to Identify any and all transfers of assets by, to and between You and Manasseh Jordan Ministries, Inc.

8. Documents sufficient to Identify any and all transfers of assets by, to and between You and Yakim Manasseh Jordan.

9. Documents sufficient to Identify any and all transfers of assets by, to and between You and Bishop E. Bernard Jordan of Zoe Ministries, Inc.

10. Documents sufficient to Identify any and all transfers of assets by, to and between You and Pastor Debra Jordan of Zoe Ministries, Inc.

11. Documents sufficient to Identify any and all transfers of assets by, to and between You and Zoe Ministries, Inc.

12. All Documents sufficient to Identify all real and personal property owned, leased or otherwise held by You.

13. For each piece of real and personal property identified in Request No. 12 above, all Documents sufficient to Identify each Person who has used or leased the property, when that Person used or leased the property, how long that Person used or leased the property, and whether that Person paid any amount to use or lease the property.

14. All Documents sufficient to Identify all policies related to the use of Your owned and/or leased real and personal property by Yakim Manasseh Jordan, any Jordan family members, Your employees and Representatives, and/or any other members of Manasseh Jordan Ministries, Inc. Including restrictions on use, payment for use, duration of use, liability for use, etc.

15. All Documents Relating To Your purchase of property located at 12220 NW 68th Court, Parkland, FL 33076.

16. All Documents Relating To anyone who resides at 12220 NW 68th Court, Parkland, FL, Including any agreements You have with Yakim Manasseh Jordan regarding his residence at the property.

17. All Documents Relating To any real or personal property owned or leased by You, Including 12220 NW 68th Court, Parkland, FL, that is used or leased, may be used or leased, or has been used or leased by Yakim Manasseh Jordan, any Jordan family members, any of Your employees or Representatives, and/or any employees of Manasseh Jordan Ministries, Inc..

18. Documents sufficient to Identify any URLs owned and/or operated by You.

19. All Documents sufficient to Identify any donations received by You through Your website or elsewhere, Including Documents sufficient to Identify how the funds were used, allocated or distributed.

20. Documents sufficient to Identify any officers, agents, or employees that were at any time employed by both You and Manasseh Jordan Ministries, Inc. or that are employed by You now that were previously employed by Manasseh Jordan Ministries, Inc.

21. Documents sufficient to Identify any officers, agents, or employees that were at any time employed by both You and Zoe Ministries, Inc. or that are employed by You now that were previously employed by Zoe Ministries, Inc..

22. All contracts, agreements, and written understandings between You and Manasseh Jordan Ministries, Inc.

23. All contracts, agreements, and written understandings between You and Yakim Manasseh Jordan.

24. All contracts, agreements, and written understandings between You and Bishop E. Bernard Jordan of Zoe Ministries, Inc.

25. All contracts, agreements, and written understandings between You and Pastor Debra Jordan of Zoe Ministries, Inc.

26. All contracts, agreements, and written understandings between You and Zoe Ministries, Inc.

    \*                  \*                  \*

JEFFREY MOLITOR, individually and on behalf of all similarly situated individuals,

Dated: May 8, 2017

By: /s/ Sydney M. Janzen
    One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
Sydney Janzen
sjanzen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Joseph I. Marchese (Admitted *Pro Hac Vice*)
jmarchese@bursor.com
Philip L. Fraietta (Admitted *Pro Hac Vice*)
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

*Attorneys for Plaintiffs and the Putative Class*