IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual,<br><br>                Defendants. | Case No. 1:16-cv-2106<br><br>Honorable Charles R. Norgle, Sr.<br><br>Magistrate Judge Sidney I. Schenkier |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED CLASS ACTION COMPLAINT**

**I.    INTRODUCTION**

    Enough is enough. For the past year, after coming to the realization that Defendants have no money and are not worth pursuing, Plaintiffs have been on a fishing expedition to try to find deeper pockets. First they subpoenaed Defendant Yakim Manasseh Jordan's parents and sister in February and March 2017 and threatened to add Mr. Jordan's parents and their ministry – Zoe Ministries – to this suit. When those efforts proved to be fruitless, Plaintiffs turned their attention to another ministry – Kingdom Ministries – and its former Secretary/Treasurer, Robert Seibel, who is also an attorney for Defendants in this action.

    Now, two years into this action, Plaintiffs seek leave to file a second amended complaint to add Kingdom Ministries and Mr. Seibel as defendants, long after the close of discovery, based

19267945

1

on information they could have learned long ago if they had been diligent.[1]  This Court should deny leave to amend because of Plaintiffs' delay and the prejudice it will cause to Defendants.

## II.   BACKGROUND

Plaintiff Jeffrey Molitor filed this action against the current Defendants Manasseh Jordan Ministries, Inc. and Yakim Manasseh Jordan ("Defendants") in Cook County Circuit Court, Chancery Division, on January 5, 2016, and it was removed to this Court on February 10, 2016. Dkt. 2.  The parties stipulated to the filing of the First Amended Complaint on June 20, 2016, which added Plaintiffs Laura C. De la Cabada, Steve Clarke, and Ruth Maki as parties.  Dkt. 11. This Court held the first status hearing on July 12, 2016, setting a discovery cutoff for December 30, 2016, and discovery began around that time.  *See* Dkt. 16.

Plaintiffs' counsel issued subpoenas for deposition testimony and the production of business records to Kingdom Ministries on May 8, 2017 just four (4) days before the discovery cutoff date.  Those subpoenas became the subjects of motions to quash in this Court and the Northern District of Georgia.  *See* Dkt. 51, 51-1, 55.  By that time, discovery had been open for ten months and the discovery cutoff had been extended to May 12, 2017 (although the same day, Plaintiffs sought a further extension).  *See* Dkt. 47.  The discovery cutoff has been extended multiple times at Plaintiffs' request, and discovery ultimately closed as of June 30, 2017 with a limited exception to allow the completion of the pending third party discovery on Kingdom Ministries.  *See* Dkt. 24, 35, 42, 49, 56, 59, 65, 68.

Both this Court and Plaintiffs have made it clear that there will be no further discovery. On May 8, 2017, Plaintiffs told this Court they would likely not need additional discovery if they

---

[1] The allegations in the proposed Second Amended Complaint are false, as Kingdom Ministries and Mr. Seibel are completely unrelated to Defendants.

sought leave to amend, "given the substantial overlap between the individuals and entities at issue, and the fact that they will have already completed third-party discovery on those potential additional parties. Thus, Plaintiffs reasonably expect the requested extension through June 30th to complete discovery to be their last such request." Dkt. 47 p.5 n.2. On June 21, 2017, this Court "remind[ed] the parties that discovery is closed as of 6/30/17." Dkt. 56. This Court made its position clear again on August 4, 2017 and September 7, 2017, stating that other than the then-pending Kingdom Ministries discovery, "[a]ll other discovery is closed." Dkt. 65, 68.

### III. THIS COURT SHOULD DENY PLAINTIFFS' MOTION

"Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires [it] is not to be automatically granted." *Johnson v. Cypress Hill*, 641 F.3d 867, 871–72 (7th Cir. 2011) (citations and internal quotations omitted).

"The issue of undue delay generally arises when a plaintiff seeks leave to amend deep into the litigation. . . . [when] the parties had already invested significant resources in the case." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (affirming denial of leave to amend to add certain counterclaims "for undue delay alone," even though the case was still at the pleading stage, when counterclaimant requested leave to amend counterclaims after having been a party to the case for 20 months). That is the case here.

This case was pending nearly two years before Plaintiffs filed their Motion, the parties have completed discovery, and the discovery cutoff has long passed. Plaintiffs argue that any delay was caused by Kingdom Ministries, not themselves, but that ignores their delay in waiting ten months, four days before the discovery cutoff date, before issuing their subpoenas to Kingdom Ministries. By now, the parties are well into this litigation and have completed discovery.

19267945  3

Further, what the moving party knew or should have known, and when, are relevant to whether justice requires leave to amend. *Invest Almaz v. Temple-Inland Forest Prods. Corp.*, 243 F.3d 57, 72 (1st Cir. 2001). Here, Plaintiffs have known or should have known of the existence of Kingdom Ministries since filing this action. While Plaintiffs may have only recently learned certain information about Kingdom Ministries through its document production and deposition testimony in response to Plaintiffs' subpoenas, that does not explain why Plaintiffs waited so long to begin investigating Kingdom Ministries. There is no excuse for Plaintiffs' delay in beginning their discovery into an entity they should have known about from the start.

In addition, Defendants would be prejudiced by the amendment, especially if discovery is reopened as Plaintiffs seek to do. When a motion for leave to amend comes after the close of discovery and granting it would reopen discovery and impose additional litigation expenses, that is prejudicial. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773–75 (7th Cir.1995) (affirming denial of leave to amend sought six months after filing the action and after discovery was complete); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Plaintiffs told this Court that they would not seek further extensions of the discovery period, even if they amended their complaint, and this Court reiterated several times that discovery was closed. But with their current Motion Plaintiffs have asked this Court for more discovery yet again. Dkt. 47 p.5 n.2; 56, 65, 68. Discovery must remain closed, and leave to amend must be denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion. Alternatively, should this Court grant Plaintiffs' Motion, it should not permit any further discovery because Plaintiffs previously represented that they would not seek any further

discovery, Plaintiffs have already conducted document and deposition discovery of Kingdom Ministries, and this Court made clear that discovery was closed.

Dated: January 12, 2018

**VENABLE LLP**

By: /s/ Melissa C. McLaughlin
Daniel S. Silverman (appearing *pro hac vice*)
Melissa C. McLaughlin (appearing *pro hac vice*)
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
*dsilverman@venable.com*
*mcmclaughlin@venable.com*
Tel: (310) 229-9900
Fax: (310) 229-9901

**ROESER BUCHEIT & GRAHAM LLC**

By: /s/ Darrell J. Graham
Darrell J. Graham
John E. Bucheit
Roeser Bucheit & Graham LLC
2 N. Riverside Plaza, Ste. 1420
Chicago, IL 60606
Tel: (312) 621-0301

*Attorneys for Defendants*
MANASSEH JORDAN MINISTRIES, INC. and
YAKIM MANASSEH JORDAN

## **CERTIFICATE OF SERVICE**

I, Melissa C. McLaughlin, hereby certify that on this 12th day of January 2018, a copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED CLASS ACTION COMPLAINT** was served via electronic mail to the address(es) listed below:

> EDELSON PC
> Benjamin H. Richman
> Sydney M. Janzen
> 350 North LaSalle Street, Suite 1300
> Chicago, Illinois 60654
> brichman@edelson.com
> sjanzen@edelson.com
> Tel: (312) 589-6370
> Fax: (312) 589-6378
> Firm ID: 44146
>
> BURSOR & FISHER, P.A.
> Joseph I. Marchese
> Philip L. Fraietta
> 888 Seventh Avenue
> New York, New York 10019
> jmarchese@bursor.com
> pfraietta@bursor.com
> Tel: (646) 837-7150
> Fax: (212) 989-9163
>
> *Counsel for Plaintiffs*
> JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated

> /s/ Melissa C. McLaughlin
> *Attorney for Defendants*
> MANASSEH JORDAN MINISTRIES, INC. and YAKIM MANASSEH JORDAN