# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, and RUTH MAKI, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual,<br><br>*Defendants*. | Case No. 1:16-cv-02106<br><br>Honorable Charles R. Norgle, Sr.<br><br>Magistrate Judge Sidney I. Schenkier |

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF THEIR MOTION FOR LEAVE TO AMEND AND FILE A SECOND AMENDED COMPLAINT

Plaintiffs Jeffrey Molitor, Laura C. De La Cabada, Steve Clarke, and Ruth Maki, by their attorneys, and pursuant to Fed. R. Civ. P. 54(b), respectfully move this Court for reconsideration of its April 26, 2018 Order denying their Motion for Leave to Amend and file A Second Amended Complaint ("Motion to Amend"). In support of this motion, Plaintiffs state as follows:

1. On April 26, 2018, the Court denied Plaintiffs' Motion to Amend because "[t]his case has already suffered from severe delays," and because allowing an amendment would further delay its resolution, causing Defendants prejudice. (Dkt. 87, at 2.)

2. This motion is properly brought under Rule 54(b) because the Court has, respectfully, misunderstood the cause for any delay in Plaintiffs' motion and ruled based on an apparent error of apprehension and application of law. *See White v. Hefel*, No. 12 CV 7853, 2015 WL 12856023, at *1 (N.D. Ill. May 12, 2015) (Norgle, J.); Fed. R. Civ. P. 54(b) ("any order or decision … that adjudicates fewer than all the claims … may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

1

3.      The facts put forth in Plaintiffs' Motion to Amend and reply in support thereof incontrovertibly demonstrated that there was no "undue" delay in this case, as it was not caused by Plaintiffs, and that any prejudice to Defendants would be minimal. The Court has thus, in denying Plaintiffs' Motion to Amend, misapprehended the source of delay and extent of prejudice involved.

4.      The points and authorities supporting this motion are set forth in the Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration of Their Motion for Leave to Amend and File A Second Amended Complaint, which is filed contemporaneously with this motion.

WHEREFORE, Plaintiffs request that the Court grant their Plaintiffs' Motion for Reconsideration of Their Motion for Leave to Amend and File A Second Amended Complaint, and grant Plaintiffs leave to amend their first amended complaint and file a second amended complaint.

Dated: May 25, 2018

Respectfully submitted,

**JEFFREY MOLITOR, LAURA C. DE LA CABADA**, **STEVE CLARKE**, and **RUTH MAKI**, individually and on behalf of all others similarly situated,

By: /s/

Benjamin H. Richman
brichman@edelson.com
Sydney M. Janzen
sjanzen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

2

Joseph I. Marchese (*Pro Hac Vice*)
jmarchese@bursor.com
Philip L. Fraietta (*Pro Hac Vice*)
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163


*Counsel for Plaintiffs and the
Proposed Class*

**CERTIFICATE OF SERVICE**

       I, Benjamin H. Richman, an attorney, hereby certify that on May 25, 2018, I served the above and foregoing ***Plaintiffs' Motion for Reconsideration of Their Motion for Leave to Amend and File A Second Amended Complaint***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                         /s/ Benjamin H. Richman