IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, AND RUTH MAKI, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual,<br><br>     Defendants. | Case No. 1:16-cv-2106<br><br>Honorable Charles R. Norgle, Sr.<br><br>Magistrate Judge Sidney I. Schenkier |

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

**I. INTRODUCTION**

Venable LLP ("Venable") files this Memorandum of Law in Support of its Motion to Withdraw as Counsel for Defendants Manasseh Jordan Ministries, Inc. and Yakim Manasseh Jordan ("Defendants"). As more fully set forth below, Venable should be permitted to withdraw because 1) Defendants failed to pay Venable's legal fees as required by their engagement agreement, which specifically allows Venable to withdraw from the representation under such circumstances; and 2) Venable and Defendants fundamentally disagree with respect to the strategy for this action.

**II. RELEVANT BACKGROUND**

Defendants retained Venable to represent them in this action, filed by Plaintiff Jeffrey Molitor in Cook County Circuit Court, Chancery Division, on January 5, 2016 and removed to

1

20615604

this Court on February 10, 2016. Silverman Decl. ¶ 2; Dkt. 2.[1] In connection with that representation, Venable attorney Daniel S. Silverman moved to appear *pro hac vice* as counsel for Defendants on February 10, 2016 and Venable attorney Melissa C. McLaughlin moved to appear *pro hac vice* as counsel for Defendants on February 8, 2017, which motions were granted on March 21, 2017, respectively. Dkt. 5, 9, 34, 40.

Defendants' engagement of Venable (in this and previous other lawsuits) is governed by a written agreement which requires that Defendants, among other things, cooperate with Venable and pay Venable's bills on time (the "Agreement"). Silverman Decl. ¶ 3. More specifically with respect to payment, the Agreement provides that "[p]ayment is due on receipt . . . [and w]e reserve the right to end our work . . . and to withdraw from the representation on proper notice if we do not receive payment in full within sixty (60) days from the date of the invoice." *Id.* ¶ 4.

More than sixty days have passed since Venable sent Defendants its February 2018 invoice, and Defendants have failed to pay that invoice. *Id.* ¶ 5. Additionally, Defendants have failed to pay fifteen prior invoices, dating back to November 2016. *Id.* Venable has had various communications with Defendants regarding their outstanding balance and it has become clear that Defendants cannot pay the balance owed to Venable or the future invoices that will be generated from Venable's continued representation of Defendants in this action. *Id.* ¶ 6. For example, Venable advised Frank Juliano (the CEO of Defendant Manasseh Jordan Ministries, Inc. and the primary point of contact for both Defendants) by email on April 30, 2018 that Venable would likely need to withdraw as counsel in this matter due to Defendants' non-payment of invoices. *Id.* ¶ 7. On May 10, 2018, Venable again brought up the possibility of

---

[1] The First Amended Complaint filed on June 20, 2016 added Plaintiffs Laura C. De la Cabada, Steve Clarke, and Ruth Maki as parties. Dkt. 11.

withdrawing as counsel and advised Mr. Juliano and Defendant Yakim Manasseh Jordan by email that while Mr. Jordan could represent himself in this lawsuit without counsel, Manasseh Jordan Ministries, Inc. could not. *Id.* ¶ 8. Then on May 17, 2018, Venable informed Mr. Juliano and Mr. Jordan by email that Venable was unable to continue its representation of Defendants and would seek to withdraw as counsel in this action. *Id.* ¶ 9. Mr. Juliano responded by email on May 10, 2018 and May 17, 2018 acknowledging Venable's decision to withdraw from the representation of Defendants, and Mr. Juliano has also informed a third party that Venable no longer represents Defendants. *Id.* ¶ 10.

In addition to Defendants' failure to pay their invoices as required by Agreement, Defendants and Venable fundamentally disagree as to strategy in this action going forward. *Id.* ¶ 11.

### III. THIS COURT SHOULD ALLOW VENABLE TO WITHDRAW AS COUNSEL

Local Rule 83.17 provides that an attorney of record for a party must obtain leave of court in order to withdraw and must file the Notification of Party Contact Information as an attachment to the motion to withdraw if no other attorney has an active appearance on the docket for the party. Accordingly, Venable requests that this Court grant leave to withdraw as counsel of record for Defendants in this action. Venable believes that Defendants' local counsel, Roeser Bucheit & Graham LLC, also plans to move to withdraw. Therefore, Venable is including a Notification of Party Contact Information with respect to each Defendant as attachments to this Motion. Both reasons for Venable's withdrawal – Defendants' failure to pay legal fees and disagreement with Venable's strategy – are appropriate reasons to terminate the representation of a client according to the American Bar Association's Model Rules of Professional Conduct and the Seventh Circuit Court of Appeal.

The applicable disciplinary rules in the Northern District of Illinois are the Model Rules adopted by the American Bar Association. L.R. 83.50. Model Rule 1.16(b) provides that "[a] lawyer may withdraw from representing a client if . . . (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; [or] (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled . . . ." Am. Bar. Assoc. Model Rule for Professional Conduct 1.16(b)(4)-(5).

The Seventh Circuit agrees with the Model Rules that when a litigant cannot pay its lawyer, "[i]t is . . . difficult to see why [the lawyer] should be obliged to provide [the party] with future legal services. Litigants have no right to free legal aid in civil suits." *Fid. Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002). Thus, when an agreement "expressly entitles the firm to [withdraw] if fees are not paid" and the litigant failed to pay the legal fees it was contractually required to pay, subsection (5) of Model Rule 1.16(b) has been satisfied and the lawyer is permitted to withdraw. *Id.*

Here, Venable's Agreement with Defendants required them to pay invoices for legal fees and expressly entitles Venable to withdraw upon notice to Defendants if Defendants have not made payment in full within sixty days of an invoice. Silverman Decl. ¶ 4. More than sixty days have passed since Venable issued various invoices to Defendants, which Defendants have not paid in full. *Id.* ¶ 5. In fact, more than eighteen months have passed, and seventeen monthly invoices are outstanding dating back to November 2016. *Id.* Venable has notified Defendants of its intent to withdraw due to non-payment of legal fees and advised Defendant Manasseh Jordan Ministries, Inc. that it cannot represent itself and will need to obtain new counsel. *Id.* ¶¶ 7-9.

Defendants have, in fact, acknowledged that Venable will withdraw and no longer represent them. *Id.* ¶ 10. Therefore, subsection (5) of Model Rule 1.16(b) has been met. In addition, subsection (4) of Model Rule 1.16(b) has been met because Venable has a fundamental disagreement with Defendants regarding actions to take in this case. Finally, there are no upcoming deadlines in this action and no trial date has been set, so neither Plaintiffs nor Defendants will be prejudiced by the timing of Venable's withdrawal. *See Fid. Nat. Title Ins. Co. of N.Y.*, 310 F.3d at 540-41.

### IV. CONCLUSION

For the foregoing reasons, Venable respectfully requests that this Court grant the Motion and allow Venable and its attorneys Daniel S. Silverman and Melissa C. McLaughlin to withdraw as counsel for Defendants.

Dated: May 30, 2018

**VENABLE LLP**

By: /s/ Melissa C. McLaughlin
Daniel S. Silverman (appearing *pro hac vice*)
Melissa C. McLaughlin (appearing *pro hac vice*)
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
*dsilverman@venable.com*
*mcmclaughlin@venable.com*
Tel: (310) 229-9900
Fax: (310) 229-9901

*Attorneys for Defendants*
MANASSEH JORDAN MINISTRIES, INC. and
YAKIM MANASSEH JORDAN

## **CERTIFICATE OF SERVICE**

    I, Melissa C. McLaughlin, at attorney, hereby certify that on May 30, 2018, I caused a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, by operation of the Court's CM/ECF electronic filing system.

                                                 /s/ Melissa C. McLaughlin

20615604