IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, and RUTH MAKI, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual,<br><br>*Defendants*. | Case No. 1:16-cv-02106<br><br>Honorable Charles R. Norgle, Sr. |

**PLAINTIFFS' MOTION TO SET STATUS CONFERENCE**

Plaintiffs Jeffrey Molitor, Laura C. De La Cabada, Steve Clark, and Ruth Maki ("Plaintiffs"), by and through their undersigned counsel and pursuant to Local Rule 78.5, hereby respectfully request the Court to set a status conference to address certain outstanding issues in this case, including Plaintiffs' pending Motion for Reconsideration (dkts. 88, 89, 99, 101). In support of this Motion, Plaintiffs state as follows:

1. On November 30, 2017, Plaintiffs filed a Motion for Leave to Amend and File Second Amended Class Action Complaint to add Robert Seibel ("Seibel") and Kingdom Ministries Church, Inc. ("Kingdom") as party-defendants due to their roles in the alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), at issue in this case. Specifically, Plaintiffs presented evidence that showed Seibel and Kingdom are operating as alter egos of currently-named Defendants Yakim Manasseh Jordan and Manasseh Jordan Ministries, Inc. (*See* dkt. 72.)

1

2. On April 26, 2018, the Court denied Plaintiff's Motion for Leave to Amend, citing the discovery delays that had already occurred in this case and finding that allowing amendment would further delay resolution. (Dkt. 87.)

3. On May 25, 2018, Plaintiff filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b), reiterating that the delay in this case was not "undue" as required for amendment under Fed. R. Civ. P. 15(a), as any delay was due entirely to Defendants' and proposed party-defendants' refusals to timely submit to discovery. (*See* dkt. 89.) The Motion for Reconsideration was fully briefed as of June 29, 2018. (*See* dkts. 89, 97, 101.)

4. On July 27, 2018, counsel for Plaintiffs appeared at a status hearing on the Motion for Reconsideration. Counsel for Defendants or proposed party-defendants did not appear. (Dkt. 103.) The Court indicated that it would rule on the Motion for Reconsideration by mail. (*Id.*; dkt. 104.)

5. Over the course of the several months since then, Plaintiffs' counsel has obtained information that shows numerous consumers continue to receive repeated, voluminous calls and text messages from Defendants and proposed party-defendants in violation of the TCPA. Plaintiff De La Cabada herself continues to receive such text messages and phone calls, even though she never gave consent to receive them and has clearly expressed her desire that Defendants and proposed party-defendants cease their contact with her—e.g., in the form of this putative class action she filed against them more than two years ago now. Indeed, after Ms. De La Cabada received a text message on June 28, 2018, Plaintiffs' counsel brought it to the attention of defense counsel and demanded that Defendants cease contacting her. Instead of stopping, however, Defendants continue to call and text Ms. De La Cabada in violation of the

TCPA including, most recently, a phone call on January 3, 2019. Plaintiffs' counsel is in possession of screenshots and audio recordings of those messages.

6. Whether the Motion for Reconsideration is ultimately granted or not, Plaintiffs are anxious to continue driving this case towards trial—especially in light of Defendants' continued rampant violations of the TCPA—and intend to move for class certification in short order (but, of course, consistent with any schedule the Court may set for doing the same).

WHEREFORE, Plaintiffs respectfully request, pursuant to Local Rule 78.5, that the Court set a status conference, on a date convenient to the Court, in order to address (i) the fact that Defendants are continuing to contact class members in violation of the TCPA, including named Plaintiff De La Cabada; (ii) the Motion for Reconsideration; and (iii) setting a briefing schedule on Plaintiff's anticipated Motion for Class Certification.

Respectfully submitted,

**JEFFREY MOLITOR, LAURA C. DE LA CABADA**, **STEVE CLARKE**, and **RUTH MAKI**, individually and on behalf of all others similarly situated,

Dated: January 8, 2019

By: /s/ Sydney M. Janzen
      One of Plaintiffs' Attorneys

Benjamin H. Richman
brichman@edelson.com
Sydney M. Janzen
sjanzen@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Joseph I. Marchese (*Pro Hac Vice*)
jmarchese@bursor.com
Philip L. Fraietta (*Pro Hac Vice*)
pfraietta@bursor.com

x

                                  BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

## **CERTIFICATE OF SERVICE**

      I, Sydney M. Janzen, an attorney, hereby certify that on January 8, 2019, I served the above and foregoing ***Plaintiffs' Motion to Set Status Conference***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                  /s/ Sydney M. Janzen