UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.: 1:16-cv-02106
Honorable Charles R. Norgle, Sr.

JEFFREY MOLITOR,
LAURA C. DE LA CABADA,
STEVE CLARKE and RUTH MAKI,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

MANASSEH JORDAN MINISTRIES, INC.
and YAKIM MANASSEH JORDAN,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO SET STATUS CONFERENCE**

    Defendants, Manasseh Jordan Ministries, Inc. and Yakim Manasseh Jordan (collectively, "Defendants"), hereby file their Response to the Motion to Set Status Conference filed by Plaintiffs, Jeffrey Molitor, Laura C. De La Cabada, Steve Clarke and Ruth Maki (collectively, "Plaintiffs").

    1.    On November 30, 2017, Plaintiffs filed a Motion for Leave to file a Second Amended Class Action Complaint which sought to add two non-parties as additional Co-Defendants ("Plaintiff's Motion for Leave"). [D.E. 72].

    2.    On April 26, 2018, the Court entered an Order denying Plaintiffs' Motion for Leave which "comes nearly two years after this case was first filed and five months after discovery closed" ("Order"). [D.E. 87 at p.2].

3. On May 25, 2018, Plaintiffs filed a Motion for Reconsideration of the Order which merely reargued and reiterated the same arguments the Court already considered and explicitly rejected in the Order (as further discussed below). [D.E. 88, 89].

4. Now, under the guise of a request for a status conference, Plaintiffs have filed a Motion to Set Status Conference which is clearly an improper attempt to get a "*third* bite at the apple" with regard to Plaintiffs' Motion for Leave, which the Court denied long ago. [D.E. 105].

5. Plaintiffs' Motion for Status Conference and Plaintiff's Motion for Reconsideration do not raise any manifest error with the Order, merely "rehash" old arguments already considered by the Court, and both motions should be rejected.

6. "In this jurisdiction, Rule 54(b) is governed by a 'manifest error' standard of review." *Heyer v. Pierce & Associates, P.C.,* 2017 WL 2404978, *2 (N.D. Ill. June 2, 2017); *accord Armada (Singapore) Pte Ltd. v. Amcol Int'l Corp.*, 2017 WL 1862836, *1 (N.D. Ill. May 9, 2017) (reconsideration of interlocutory orders under Rule 54(b) is "appropriate only to correct manifest errors of law or fact."). Manifest errors occur "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Heyer,* 2017 WL 2404978 at *2. None of these are present here.

7. Neither of Plaintiffs' motions argues any new facts or any change in law to justify reconsideration of the Court's well-reasoned Order, and neither establishes any "manifest error" in the Court's rulings   To the contrary, both of Plaintiffs' motions are nothing more than attempts to reargue matters the parties argued in their respective filings, which the Court specifically addressed and squarely rejected in the Order.

8. For example, Plaintiffs' Motion for Status Conference argues that the Court should reconsider its Order because Plaintiffs believe that Defendants, and proposed defendants based solely on their alleged connection with Defendants, have further violated the TCPA during the pendency of this action. [D.E. 105 at ¶ 5].

9. This argument cannot justify reconsideration of the Order because the Court already considered these issues when it denied Plaintiffs' Motion for Leave. *See* Order [D.E. 87 at p.2] ("They continue to argue that Manasseh Jordan Ministries is an alter ego of Kingdom Ministries and proposed defendants and the named Defendants are all working in concert to perpetrate the alleged scheme.").

10. The Court already found that these allegations were insufficient to warrant reconsideration, and held that these conclusory allegations do not dispel the reasons why the Court denied Plaintiffs' Motion for Leave in the first place. *See* Order [D.E. 87 at p.2] ("Because granting the motion at bar would result in further undue delay and prejudice to the Defendants, the Court denies Plaintiffs' motion to file a second amended Complaint.").

11. The arguments in Plaintiffs' Motion for Reconsideration are equally unavailing and again do not raise any new issue, or issue the Court somehow misapprehended. Plaintiffs argue that "in denying Plaintiffs' Motion to Amend [the Court] misapprehended the source of delay and extent of prejudice involved" because in Plaintiffs' view "[t]he facts put forth in Plaintiffs' Motion to Amend and reply in support thereof incontrovertibly demonstrated that there was no 'undue' delay in this case, as it was not caused by Plaintiffs, and that any prejudice to Defendant would be minimal." Plaintiffs' Motion for Reconsideration [D.E. 88 at ¶ 3].

12. Plaintiffs' argument is negated by the Court's analysis and clear holdings in the Order, which demonstrate that the Court has already considered and rejected Plaintiffs' regurgitated argument:

> However, Plaintiffs' motion comes nearly two years after this case was first filed and five months after discovery closed. If the motion were to be granted, Plaintiffs would undoubtedly require additional discovery to further explore the relationship between the newly added defendants and the alleged conduct— further delaying this 2016 case. This case has already suffered from severe delays and if Plaintiffs' motion were granted the matter would be even further delayed, ultimately prejudicing the named Defendants. This is not to say that Plaintiffs would not be able to pursue Robert Seibel and Kingdom Ministries either through a separate suit or, following a resolution in their favor here, a motion to pierce Defendants' corporate veil and pursue any and all parent companies.
>
> Because granting the motion at bar would result in further undue delay and prejudice to the Defendants, the Court denies Plaintiffs' motion to file a second amended Complaint.

Order [D.E. 87 at p. 2].

13. Plaintiffs cannot make these same arguments again here. This Court routinely denies motions for reconsideration that merely seek to "rehash" old arguments. *See, e.g., In re Oil Spill,* 794 F. Supp. 261, 267 (N.D. Ill. 1992) (Norgle, J.); *SEC v. National Presto Industries, Inc.,* 2004 WL 1093390, *1-2 (N.D. Ill. April 28, 2004) (Norgle, J.); *White v. Hefel,* 2015 WL 12856023, *1 (N.D. Ill. May 12, 2015) (Norgle, J.).[1]

14. In denying motions for reconsideration, this Court has held:

> District courts possess the inherent authority to modify interlocutory orders. *See Cameo Convalescent Ctr., Inc. v. Percy,* 800 F.2d 108, 110 (7th Cir.1986); *Kapco Mfg. Co. v. C & O Enterprises, Inc.,* 773 F.2d 151, 154 (7th Cir.1985) (stating district courts "always ha[ve] the power to modify earlier orders in a pending case"). However, 'as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' *Christianson v. Colt Indus. Operation Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n. 8 (1983)).
>      *          *          *          *

---

1. Notably, in *White v. Hefel* this Court denied reconsideration where the plaintiffs argued that "the court misapprehended the law and facts by denying Plaintiffs' motion for summary judgment," but granted reconsideration upon an issue where the Court actually misapprehended the difference between state and federal law on a specific legal issue. *White,* 2015 WL 12856023 at *2. No such issues of misapprehension are present in this case. Plaintiffs' reliance on this case is therefore misplaced. *See* Plaintiffs' Motion for Reconsideration [D.E. 88 at ¶ 2].

> These grounds represent extraordinary circumstances, and the granting of a motion to reconsider is to be granted only in such extraordinary circumstances. *See id.* (stating that '[s]uch problems rarely arise and the motion to reconsider should be equally rare'). Motions to reconsider are not at the disposal of parties who want to 'rehash' the same arguments that were originally presented to the court. *See In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Indeed, the court's orders are not 'mere first drafts, subject to revision and reconsideration at a litigant's pleasure.' *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988).

*National Presto Industries, Inc.,* 2004 WL 1093390 at*1-2.

15. "The Seventh Circuit has long cautioned that appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Heyer,* 2017 WL 2404978 at *2 (N.D. Ill. June 2, 2017).

> Unfortunately, many parties swayed by the terminology of so-called 'motions to reconsider' mistakenly regard [such motions] as second chances. They are not. Motions to reconsider serve a limited function and 'are ordinarily granted only to correct clear error of law or fact or to present newly discovered evidence which could not have been adduced during the pendency of the motion.' As aptly summarized by Judge Norgle, 'Motions for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal argumentation which could have been heard during the pendency of the previous motion.' Finally, such motions 'are not at the disposal of the parties who want to 'rehash' old arguments.'

*I/N Kote v. Hartford Steam Boiler Inspection and Ins. Co.,* 1996 WL 189321, *1 (N.D. Ill. April 16, 1995) (internal citations omitted).

16. Plaintiffs' Motion for Status Conference and Plaintiffs' Motion for Reconsideration clearly fail to meet this standard, and do nothing more than lodge Plaintiffs' disagreement with the Court's ruling. Plaintiffs merely reiterate the same flawed arguments that the parties fully addressed in their respective filings, which the Court squarely addressed and rejected in the Order. The Order should not be disturbed, and Plaintiffs' request for reconsideration of the Order should be denied.

5

    Respectfully Submitted,

    LAW OFFICES OF ROBERT A. SEIBEL, P.A.
    Counsel for Defendants
    Admitted Pro Hac Vice [D.E. 41, 60].
    3019 B Exeter Drive
    Boca Raton, Florida 33434
    Tel  561.483.2334
    Fax 561.431.6273

By: */s/ Robert A. Seibel*
    Robert A. Seibel, Esq.
    Fla. Bar No.: 159590
    BobSeibel@yahoo.com

    -And-

    JEFFREY M. BERMAN, P.A.
    *Jeffrey M. Berman, Esq.*
    *Proposed Co-Counsel for Defendants*
    Pro Hac Vice Pending [D.E. 108]
    1722 Sheridan Street No. 225
    Hollywood, Florida 33020
    Tel   305.834.4150
    Fax  305.832.0145
    jeff@jmbermanlaw.com
    Fla. Bar No.: 14979

## **CERTIFICATE OF SERVICE**

**I CERTIFY** that the foregoing was served via email through CM/ECF on January 16, 2019 to all counsel of record entitled to receive such notice.

    By: /s/ Robert Seibel, Esq.
     Robert Seibel, Esq.