

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY MOLITOR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-2106 |
| | ) | |
| MANASSEH JORDAN MINISTRIES, INC., et al., | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs' Motion for Reconsideration [88] is denied.

## STATEMENT

Plaintiffs Jeffrey Molitor, Laura De La Cabrada, Steve Clark, and Ruth Maki, individually and on behalf of all other similarly situated ("Plaintiffs"), bring this putative class action against Defendants Manasseh Jordan Ministries, Inc., and Yakim Manasseh Jordan ("Defendants") for alleged violations of the Telephone Communications Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq*. Before the Court is Plaintiffs' motion for reconsideration of the Court's April 26, 2018 Order, Dkt. 87 (the "April Order"). For the following reasons, the motion is denied.

In the April Order, the Court denied Plaintiffs' motion seeking leave to file a second amended complaint, Dkt. 70 ("Motion to Amend"). The Court reasoned, *inter alia*, that the Motion to Amend came two years after the case was first filed, five months after the close of discovery, and if it were granted, there would be additional discovery required. The Court concluded that granting Plaintiffs' motion would result in further undue delay and prejudice to Defendants. Plaintiffs predicate their present motion for reconsideration on Fed R. Civ. P. 54(b).

"[B]efore final judgment is entered on all issues, Rule 54(b) authorizes reconsideration of interlocutory orders at any time." City of Livonia Employees' Ret. Sys. V. The Boeing Co., No. 09 C 7143, 2011 WL 824604, at *3 (N.D. Ill. Mar. 7, 2011). "The standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b)." Inc. v. Hearthware Home Prod., Inc., No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). "Such problems rarely arise and the motion to reconsider should be equally rare." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

In their motion, Plaintiffs seek to relitigate arguments the Court has already rejected. See Caisse Nationale De Credit Agricole v. CBI Indus., 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). The

Plaintiffs do not identify any manifest error of law or fact, or introduce new evidence in support of its argument. Plaintiffs admit that their Motion to Amend "identified substantially all of the facts and documents" they are referencing in support of the instant motion. Pls.' Mot. to Reconsider at 4.

Essentially, Plaintiffs simply disagree with the Court's determination that Defendants' would suffer undue delay and undue prejudice. Plaintiffs contend that since the Court found undue delay and prejudice it must have "overlooked the facts presented in Plaintiff's Motion to Amend" and that the Court must be overestimating the "amount of discovery required to support a 'veil piercing' theory of liability." Id. However, the Court did not "overlook" any of the facts presented in the Motion to Amend; rather, based on those facts, the Court reached a conclusion with which Plaintiffs disagree. Despite what Plaintiffs appear to think, "[the Court's] opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." United States v. Bills, No. 14 C 135-1, 2018 WL 6697180, at *3 (N.D. Ill. Dec. 20, 2018). "Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). Plaintiffs fail to identify any manifest error of fact or law, or any misapprehension of the facts before the Court. Instead, Plaintiffs seek to rehash the same arguments they made in the Motion to Amend, which the Court denied.

Accordingly, Plaintiffs' motion to reconsider is denied.
IT IS SO ORDERED.

ENTER:

*[signature: Charles Norgle]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 7, 2019