# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MOLITOR, LAURA C. DE LA CABADA, STEVE CLARKE, and RUTH MAKI, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>MANASSEH JORDAN MINISTRIES, INC., a New York Religious Corporation, and YAKIM MANASSEH JORDAN, an individual,<br><br>*Defendants*. | Case No. 1:16-cv-02106<br><br>Honorable Charles R. Norgle, Sr. |

**DECLARATION OF SYDNEY M. JANZEN**
**IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS**

I, Sydney M. Janzen, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney at Edelson PC and an attorney of record for Plaintiffs. I am licensed to practice law in the State of Illinois and admitted to practice before the United States District Court for the Northern District of Illinois.

2. The facts stated herein are within my personal knowledge and if called upon to testify, I would truthfully and competently do so.

3. Plaintiffs filed the operative First Amended Complaint and Demand for Jury Trial ("FAC") in this action on June 20, 2016. (Dkt. 11-1.) In the FAC, Plaintiffs allege they received, without their consent, repeated automated phone calls to their cell phones from Defendants, all of which featured a prerecorded message by Defendant Yakim Manasseh Jordan, and were made for the purpose of soliciting donors for Defendants' sham ministry. (*See id.* at ¶¶ 4–7.) Plaintiffs allege that this conduct willfully and repeatedly violated the Telephone Consumer Protection Act (TCPA). *See* 47 U.S.C. § 227, *et seq.*

1

4. Defendants were properly served in this matter. Initially, Defendants were represented by and appeared in this case through counsel, (*see* dkts. 3, 9, 38, 60), and answered the FAC, (*see* dkt. 14). Thereafter, Defendants engaged in the discovery process with Plaintiffs for over a year, and were active (if reluctant) litigants. (*See* dkt. 89 at 2–3.)

5. However, since at least May 25, 2018, Defendants have failed to defend against this action. On May 25, 2018, Plaintiffs filed a properly-noticed motion with the Court. (*See* dkts. 88, 90.) On June 8, 2018, the Court held a hearing to set a briefing schedule on Plaintiffs' motion. Only one attorney for Defendants attended the hearing, but only did so to formalize his withdrawal from this case. (Dkt. 96.) The Court then set a briefing requiring Defendants to file a response to Plaintiffs' motion by June 22, 2018. (*Id.*) Defendants did not file a response to the motion at all.[1]

6. Between May 25, 2018 and the present, Defendants have failed to appear in this Court for status conferences, and have failed to retain counsel. On May 30, 2018, Defendants' attorneys from Venable LLP moved to withdraw from this case, a request that was granted. (Dkts. 91, 94.) On June 8, 2018, one of Defendants' local attorneys was also granted leave to withdraw. (Dkt. 96.) On July 2, 2018, Defendants' other local attorney was granted leave to withdraw. (Dkt. 102.) On January 16, 2019, attorney Jeffrey S. Berman moved for leave to appear *pro hac vice* in this case—a request he withdrew on February 12, 2019. (Dkts. 108, 115.) Defendants' only remaining attorney, Robert Seibel, asked for leave to withdraw from this case on March 8, 2019, a request the Court granted on March 11, 2019. (Dkts. 117, 118.)

---

[1] One of Defendants' then-attorneys—Robert Seibel—filed a response in opposition to Plaintiffs' motion on his *own* behalf, not Defendants'. (Dkt. 97.)

      7.      Neither Defendants nor successor counsel has appeared at the Court's last three status hearings (on July 27, 2018, February 15, 2019, and March 15, 2019.)

      8.      Defendants are now unrepresented in this matter, and once again failed to appear at the most recent status hearing. (*See* dkt. 119.) Defendants have not been in touch with counsel for Plaintiffs regarding their lack of counsel, or plans to continue litigating this action. Moreover, Defendant Manasseh Jordan Ministries is a corporation, and therefore cannot represent itself *pro se*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 19, 2019 in Chicago, Illinois.

                                                          /s/ Sydney M. Janzen